WILLIAM H. KEARNEY, Appellant-Respondent, v. J. P. BYRNE & Co., INC., Respondent-Appellant.— Judgment and order reversed on the law and facts and a new trial granted, with costs to abide the event, unless the defendant shall, within ten days, stipulate to reduce the verdict to the sum of $2,188.09, as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified is, together with the order, affirmed, without costs of this appeal to either party. Memorandum: The trial court submitted to the jury the question of whether a bonus contract existed between the plaintiff and the defendant. The jury found that such a contract existed. The

parties agreed that the amount of bonus, to which the plaintiff was entitled, if such a bonus contract existed, was $40,086.33. The trial court properly directed a credit to the defendant in the sum of $29,277.52, which represented periodic withdrawals from 1940 to 1951 by the plaintiff over base salary and exclusive of lump sum bonus payments. The trial court further directed a credit to the defendant of $2,370.09, which was the balance due the defendant from the plaintiff under the "First Kearney Account". The trial court further, in effect, allowed the defendant a credit of $24,626.81 as shown in Exhibit 82 and representing lump sum bonus payments made by the defendant to the plaintiff for the years 1946 through 1950. The evidence disclosed that these sums totaling $24,626.81 were received by the plaintiff in addition to the sum of $29,277.52. However, there was evidence to the effect that the $6,000 item for the year 1948, included in the sum of $24,626.81, had been charged to the plaintiff in the first and second Kearney accounts. In addition there was proof that there was due to the plaintiff from the defendant the sum of $8,000 under the "Second Kearney Account". Since the item of $2,370.09 and the items comprising the above sum of $24,626.81 were allowed by the court without being pleaded as counterclaims by the defendant, the item of $8,000 allegedly due the plaintiff pursuant to the "Second Kearney Account", should have been considered as an offset even though not specifically pleaded as such. Under the instructions of the trial court, the jury found a verdict for the defendant in the sum of $16,188.09. If the plaintiff were given credit for the above two sums totaling $14,000, the verdict would be in favor of the defendant in the sum of $2,188.09. Under all the circumstances, the judgment appealed from is reversed and a new trial granted unless the defendant stipulates to a reduction of the verdict to the sum of $2,188.09, in which event the judgment as reduced is affirmed. The complexity of the respective claims of the parties, the numerous items to be considered, and the variance between the pleadings and the proof, made the trial of the case by the court and a jury an extremely difficult one. The trial court did a commendable task in clarifying the issues of fact submitted to the jury for consideration. However, if a new trial is to be had, consideration should be given by the respective parties as to the advisability of having a new trial without a jury. All concur. (Cross appeals from a judgment for defendant in an action under an employment contract. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See *post,* pp. 851, 855.]