■ MANOW INTERNATIONAL CORP., Respondent, v HIGH POINT CHAIR, INC., Appellant. — Appeal from the judgment of the Supreme Court, New York County (Helman, J.), entered June 10, 1981, awarding plaintiff recovery in the sum of $20,530.29 against the defendant, held in abeyance pending the receipt of the special referee's report. The parties are directed to serve a copy of the order entered herein upon the office of the referees, Room 308-M, 60 Centre Street. This matter will be placed at the head of the reference list and decided expeditiously. The special referee assigned will hear and report together with his recommendations as to whether this court has jurisdiction under CPLR 301 and 302 (subd [a], par 1). Plaintiff Manow International Corp. is a New York corporation; defendant High Point Chair, Inc., is a North Carolina corporation. In 1977 and 1978, the parties entered into four contracts pursuant to which plaintiff sold certain furniture parts to the defendant. In each instance, the defendant would mail its purchase order to New York; the plaintiff would subsequently confirm the particular order with its invoice. The present action was brought to recover the amount due under the fourth contract. The defendant had made part payment under the fourth contract but it sought credit thereunder for defective merchandise delivered to it. Defendant made a pretrial motion to dismiss the action for lack of jurisdiction under CPLR 3211 (subd [a], par 8). The defendant stressed that its representatives never executed the contracts in New York. On the other hand, plaintiff maintained that defendant's principal, Harry Samet, revised the terms of the fourth contract while he was in New York on December 18, 1978. Samet averred that the revisions in the fourth contract were made before the New York meeting of December 18, 1978. Special Term denied the motion upon the papers submitted. It found, *inter alia,* that: "High Point's agreement to issue its letter of credit in New York, the admitted visit of High Point's president to New York and the conversation about the matter in New York (even if tangential) coupled with admitted telephone conversations between North Carolina and New York regarding the order are a sufficient set of purposeful acts in New York to support New York jurisdiction". The testimony at trial did not clarify this jurisdictional issue. With regard to the critical meeting of December 18, 1978, the record contains the following question of defense counsel and the answer given by Samet: "Q Did you ultimate [*sic*] have any conversations with Mr. Manowitz? A I did that day meet Mr. Manow and we talked concerning the desk and concerning the shipments we were having. Prices were increased, because of the dollar devaluation. This was discussed at that particular time,

and the subject of problems did come up, problems we were having. quality problems, and Mr. Manowitz assured me everything would be taken care of. There was nothing specific as to how it would be taken care of, but just assured me it would be taken care of." It is not clear from this testimony whether the fourth contract was amended by the parties on that date in New York City. A single transaction in New York may be sufficient to supply the minimum contacts to subject a nonresident to jurisdiction on the ground it is "transacting business" under CPLR 302 (subd [a], par 1) (*Presidential Realty Corp. v Michael Sq. West*, 44 NY2d 672, 673; *Hi Fashion Wigs v Hammond Adv.*, 32 NY2d 583, 586). Upon the conflicting evidence presented on the motion to dismiss and the ambiguous evidence adduced at trial, it is impossible for this court to resolve the jurisdictional issue. Therefore, that issue will be referred to a special referee to hear and report together with recommendations. This matter will be placed at the head of the reference list and will be decided expeditiously. Pending the special referee's report, this appeal will be held in abeyance. In referring the matter, it should be emphasized that a jurisdictional issue is also presented under CPLR 301. In the motion papers, the plaintiff introduced some proof suggesting that defendant was operating a warehouse in New York City. The defendant, through its principal, denied this contention. If the defendant was operating a warehouse on a continuous and systematic basis, then a finding might be made that it was "doing business" in the State. (*Kramer v Hotel Los Monteros S. A.*, 57 AD2d 756, mot for lv to app den 43 NY2d 649.) Concur — Murphy, P. J., Kupferman, Sullivan, Asch and Alexander, JJ.