# (December 8, 1983)

■ MANOW INTERNATIONAL CORP., Respondent, v HIGH POINT CHAIR, INC., Appellant. — Judgment, Supreme Court, New York County (Helman, J.), entered June 10, 1981, awarding plaintiff recovery in the sum of $20,530.29 against the defendant, reversed, on the law and the facts, and matter remanded for a new trial, with costs. By order, entered December 16, 1982 (91 AD2d 546), we directed a reference on the issue of jurisdiction. Pending the receipt of the special referee's report, this appeal was held in abeyance. In a report dated July 20, 1983, Special Referee Rothberg found that the defendant was not doing business in New York under CPLR 301. However, he found that the defendant transacted business in New York under CPLR 302 and was subject to its jurisdiction. The record substantiates the special referee's findings of fact and conclusions of law. We, therefore, confirm that report. (CPLR 4403.) In the complaint, plaintiff sought to recover $18,671.15, the balance due upon the fourth purchase order. The defendant, in its answer, denied the material allegations of liability in the answer but did not assert any affirmative defense or counterclaim. At the close of plaintiff's case at trial, the defendant sought to amend the answer to reflect the fact that it was seeking an additional credit in the sum of $18,671.15. The trial court denied this motion on the principal ground that this action was limited to the fourth purchase order. It would not consider credits due under any of the orders. The trial court also stated that the plaintiff would be prejudiced by an amendment at that stage in the proceedings. At the end of the case, defendant made an offer of proof to show that its damages were actually $32,014.53, plus future returns from its clients. This offer of proof was inferentially denied by the trial court in its final decision. After trial, the court awarded plaintiff the sum of $18,671.15, less setoffs in the amount of $568.38. The final judgment, including interest

and costs, totaled $20,530.29. The remaining issue presented is whether the court should have permitted an amendment of the answer during trial. Leave to amend should be granted freely, even at trial, if it does not result in prejudice to the opposing party (CPLR 3025, subd [b]; *Murray v City of New York,* 43 NY2d 400, 405). For the following reasons, the plaintiff would have been neither surprised nor prejudiced had the motion to amend been granted. First, it should be stressed that the defendant had already been given a credit of $6,754.24 in payment upon the third order. Second, in tendering the balance due on the fourth order, the defendant asked for a deduction of $18,671.15 as part of the parties' purported agreement that would allow the defendant credits on a continuing basis. Third, plaintiff's representative, Fred Goblet, had traveled to North Carolina on several occasions to inspect the damaged goods and had made an appropriate record of the claimed damages. Fourth, plaintiff had an adequate opportunity to examine and, in fact, did examine the defendant about the claimed damages. The supplemental agreement, advanced by the defendant, constituted new matter that should have been affirmatively pleaded (CPLR 3018, subd [b]). Likewise, the defendant's original answer should have contained a counterclaim in the sum of $18,671.15. (CPLR 3019, subd [a].) Nonetheless, the plaintiff was aware of that affirmative defense and that counterclaim prior to trial. Therefore, the amendment should have been permitted (cf. *Kearney v Byrne & Co.,* 283 App Div 845, on rearg original decision adhered to 283 App Div 855). We emphasize that the counterclaim has been limited to the original credit sought in the sum of $18,671.15. The plaintiff was never apprised in a proper manner before trial that the defendant might seek credits totaling over $32,014.53. Because of this error, defendant is entitled to a new trial. Concur — Murphy, P. J., Kupferman, Sullivan, Asch and Alexander, JJ.