**PHILO SMITH & CO., INC. and James E. Rutherford, Plaintiffs-Appellants,**

v.

**USLIFE CORPORATION, Defendant-Appellee.**

**No. 760, Docket 76–7551.**

United States Court of Appeals, Second Circuit.

Argued March 24, 1977.

Decided April 19, 1977.

Joel M. Miller, New York City (Edward W. Keane, Susan J. McCone, Ullman, Van Ginkel, Miller & Wrubel, P. C., Sullivan & Cromwell, New York City, of counsel), for defendant-appellee.

Before ANDERSON and MESKILL, Circuit Judges, and MARKEY, Chief Judge, U. S. Court of Customs and Patent Appeals.[*]

## PER CURIAM.

This is a diversity action brought to recover a finder's fee, allegedly earned as a result of the acquisition, by USLIFE Corporation, of the All American Life & Financial Corporation. At one time, there was a written finder's fee agreement in effect between the parties, but it had expired by the time an agreement was reached between USLIFE and All American. Under the applicable New York Statute of Frauds, N.Y. Gen. Oblig. Law § 5–701(10), the absence of an effective written note or memorandum of agreement is generally fatal to an action for a finder's fee, whether based on a theory of express contract, implied in fact contract or quasi contract. Plaintiffs argued, however, that the defendant should be estopped to assert the Statute of Frauds. *See Imperator Realty Co. v. Tull,* 228 N.Y. 447, 127 N.E. 263 (1920). The basis for this argument was the plaintiffs' alleged detrimental reliance upon the defendant's promises to extend the written agreement. The case went to trial before a jury on this theory. At the close of plaintiffs' case, the defendant's motion for a directed verdict was granted, and the complaint was dismissed. In a written opinion, reported at 420 F.Supp. 1266 (S.D.N.Y.1976), the district court held that plaintiffs had failed to make out a *prima facie* case because they had failed to prove, *inter alia,* that their acts of reliance resulted in substantial injury.[1]

Brendan P. Bovaird, New York City (Russel H. Beatie, Jr., Dewey, Ballantine, Bushby, Palmer & Wood, New York City, of counsel), for plaintiffs-appellants.

* Sitting by designation.

1. The district court also held that plaintiffs had failed to prove (1) that their acts of reliance were "unequivocally referable" to the defendant's alleged promises, or (2) that the defendant's alleged promises were made with intent to defraud. Plaintiffs have raised substantial questions concerning the legal and factual bases for those holdings. We express no view on the merits of those questions. It is unnecessary to do so in light of our decision regarding the plaintiffs' failure to demonstrate substantial injury. We affirm on that issue only.

The strongly held public policy reflected in New York's Statute of Frauds would be severely undermined if a party could be estopped from asserting it every time a court found that some unfairness would otherwise result. For this reason, the doctrine of promissory estoppel is properly reserved for that limited class of cases where "the circumstances are such as to render it *unconscionable* to deny" the promise upon which the plaintiff has relied. 3 Williston on Contracts § 533A, at 801 (3d ed. 1960) (emphasis added). The relatively limited scope of the doctrine is nowhere more evident than in its requirement of substantial injury. As the New York Court of Appeals said in *Woolley v. Stewart*:

> A party to [an oral] agreement [within the statute] may legally and rightfully refuse to recognize or perform it. The breach of a void agreement is not a fraud or a wrong in law. . . . He may, however, withdraw himself from the policy and defense of the statute, or waive its protection, by inducing or permitting without remonstrance another party to the agreement to do acts, pursuant to and in reliance upon the agreement, *to such an extent and so substantial in quality as to irremediably alter his situation and make the interposition of the statute against performance a fraud.* In such a case a court of equity acts upon the principle that not to give effect to those acts would be to allow the party permitting them to use the statute as an instrument defending deception and injustice.

222 N.Y. 347, 350–51, 118 N.E. 847, 848 (1918) (emphasis added; citations omitted). The proof in this case fell well short of that mark. Judge Tenney found that the only substantial injury suffered by the plaintiffs was the loss of a fee from the defendant. However, as Judge Tenney held, and as the quotation from *Woolley* indicates, this is not the kind of injury contemplated by New York law, for it is solely a result of the non-performance of a void agreement. Plaintiffs claim substantial injury in the form of their relinquishment of their opportunity to seek other purchasers for All American. This hardly seems the sort of irremediable change in position normally associated with the doctrine of promissory estoppel. *See, e. g., Alaska Airlines, Inc. v. Stephenson,* 217 F.2d 295, 15 Alaska 272 (9th Cir. 1954). Indeed, it is difficult to imagine a case in which the mere failure to seek an uncertain prospective benefit could ever generate a sufficient level of unconscionability to warrant the application of the doctrine. We are not prepared to say that it never could, but on the facts of this case we agree with Judge Tenney that it has not.

Affirmed.