RIPPLE'S OF CLEARVIEW, INC., Appellant, v LE HAVRE ASSO-
CIATES, Respondent.

Second Department, July 19, 1982

APPEARANCES OF COUNSEL

*Carb, Luria, Glassner, Cook & Kufeld* (*M. William Scherer* of counsel), for appellant.

*Dreyer & Traub* (*Richard E. Hershenson* of counsel), for respondent.

MOLLEN, P. J.

Plaintiff is a catering establishment in Whitestone, New York. It took occupancy under a sublease agreement dated March 20, 1963, which was modified in 1963 and 1972. The sublease term ran to February 28, 1983, with an option to renew until April 30, 1998. These lease agreements were subordinate to first and second mortgages on the premises.

In 1974, the holder of the first mortgage commenced a mortgage foreclosure action. A receiver was appointed who proceeded to collect $1,000 per month rent from plaintiff, under protest. Thereafter, an action was commenced by Formet Associates to foreclose the second mortgage. The action to foreclose the second mortgage proceeded to judgment and Formet Associates was the purchaser at the foreclosure sale. Subsequent to the foreclosure sale, the receiver appointed in the first foreclosure action continued to collect rent from plaintiff. Immediately upon termination of the receivership, at midnight, June 30, 1976, Formet Associates sold the property to defendant Le Havre Associates. Plaintiff paid $1,000 per month rent to defendant's managing agent through September, 1976, at which point it agreed to an increase in rent to $2,500 per month, retroactive to July, 1976.

In May, 1981, defendant served a 30-day notice on plaintiff electing to terminate the alleged month-to-month tenancy as of June 30, 1981. On or about June 29, 1981, plaintiff commenced the instant action against defendant. Plaintiff sought a declaration that its tenancy was governed by the terms of the March 20, 1963 sublease, as amended and modified, or, in the alternative, that defendant is estopped from terminating the tenancy on less than 18 months' notice.

Plaintiff's first cause of action was predicated on the theory of attornment. An attornment has been defined as the act of a tenant "putting a person in the place of another as his landlord" (see *Austin v Ahearne*, 61 NY 6, 15). When a tenant attorns to a new landlord, the tenant continues to hold upon the same terms as he held with his former landlord. We find that the facts in the instant case did not establish an attornment within the ambit of subdivision 3

of section 224 of the Real Property Law, which provides that a tenant may attorn "[t]o a purchaser at foreclosure sale." Although plaintiff was paying the receiver a monthly rent that might have been predicated on the 1972 lease modification, it does not necessarily follow that plaintiff thereby attorned to the purchaser, Formet Associates, or the present owner, defendant. Plaintiff never paid any rent to Formet. Although plaintiff concedes that the receivership did not extend to the Formet foreclosure, it contends that it attorned to Formet since the receiver used the money paid to him to defray obligations that Formet had assumed when it purchased the property. Case law clearly provides that a receiver is an officer of the court and cannot be considered the agent of the owner or mortgagee (*Jamaica Sav. Bank v Florizal Realty Corp.*, 95 Misc 2d 654; *S & H Bldg. Materials Corp. v European-American Bank & Trust Co.*, 104 Misc 2d 249; *Kaplan v 2108-2116 Walton Ave. Realty Co.*, 74 AD2d 786). In light of the fact that the receiver was appointed to act solely with regard to the first foreclosure action, there could be no finding of attornment absent evidence of control by Formet Associates over the receiver. Furthermore, we find that the $2,500 monthly rent paid by plaintiff to defendant was not derived from the terms of the underlying lease.

In view of the foregoing, we conclude that Trial Term correctly found that the payment of rent after the foreclosure sale did not result in an attornment.

Plaintiff's second cause of action was predicated on the theory of promissory estoppel. Plaintiff asserts that based upon the representations made at a November 7, 1975 meeting, Formet's and Le Havre's actions thereafter, and plaintiff's reliance in conducting its catering business and maintaining and improving the premises, Trial Term should have found that defendant was estopped from terminating the tenancy on less than 18 months' notice.

The elements of promissory estoppel are: a clear and unambiguous promise; a reasonable and foreseeable reliance by the party to whom the promise is made; and an injury sustained by the party asserting the estoppel by reason of his reliance (see, e.g., *King & Son v De Santis Constr. No. 2 Corp.*, 97 Misc 2d 1063). We find that these

elements are not present in the instant case. The record is devoid of a clear representation made at the November 7, 1975 meeting that plaintiff would be given 18 months' notice prior to termination of the tenancy. Furthermore, plaintiff has failed to prove that the various expenditures and bookings that it made subsequent to the November 7 meeting were unequivocally referable to the alleged oral agreement (see *Woolley v Stewart,* 222 NY 347). Plaintiff made advance bookings and was responsible for improvement and maintenance costs before and after the meeting. Accordingly, the acts of alleged reliance may be attributable to plaintiff's ongoing catering business.

It is virtually undisputed that at the November 7, 1975 meeting plaintiff was told that it would be given time to vacate the premises. In fact, in fulfillment of that agreement, plaintiff was allegedly informed in March, 1981 that it would have until January 15, 1982 to vacate the premises. Under the circumstances, there is no basis for disturbing Trial Term's finding that there was no agreement to create a tenancy other than a month-to-month tenancy which could be formally terminated on 30 days' notice. In view of the fact that plaintiff was served with a second 30-day notice on July 31, 1981, and was given more than six months to vacate the premises, we find that a new 30-day notice was not required.

Plaintiff's final contention is that defendant's counterclaim for ejectment and the consolidated summary holdover proceeding are totally defective because they are predicated on a 30-day notice and on pleadings which do not describe all the premises demised. The 30-day notice and the pleadings describe the premises as 168-11 Powells Cove Boulevard, Whitestone, New York. At the trial, it was established that plaintiff's tenancy extended to the address 168-02 Powells Cove Boulevard, by virtue of the fact that one of the lease modifications provided for this additional property whereon a portion of a continuous parking lot extends. Hence, the court granted defendant's application to amend the pleadings to conform to the proof. We find that both prior and subsequent to the amendment of the pleadings, plaintiff was sufficiently advised that

defendant was attempting to evict it from the entire premises where it had conducted business.

In view of the foregoing, we agree with Trial Term's resolution of the issues. However, that court should not have dismissed the complaint seeking declaratory relief but should have declared that there was no attornment with defendant and that plaintiff was not entitled to 18 months' notice prior to the termination of its tenancy (see *Lanza v Wagner*, 11 NY2d 317, app dsmd 371 US 74).

NIEHOFF, RUBIN and BOYERS, JJ., concur.

In a consolidated action for, *inter alia,* a judgment declaring plaintiff's rights as defendant's tenant, plaintiff appeals from a judgment of the Supreme Court, Queens County, dated April 26, 1982, which, after a nonjury trial, dismissed its complaint for declaratory relief, granted defendant's counterclaim for ejectment and awarded defendant final possession of the premises.

Judgment modified, on the law, by deleting the provision which dismissed the complaint, and substituting therefor provisions declaring that there was no attornment with defendant and that plaintiff was not entitled to 18 months' notice prior to the termination of its tenancy. As so modified, judgment affirmed, with costs to defendant. This case is remitted to Trial Term for further proceedings with respect to the warrant of eviction.