■ LONG ISLAND PEN CORP. et al., Respondents, v SHATSKY METAL STAMPING Co., INC., et al., Appellants. — In an action to recover damages for breach of a

contract to sell a business, defendants appeal from so much of an order of the Supreme Court, Nassau County (Pantano, J.), entered March 1, 1982, as amended by an order of the same court dated March 10, 1982, as denied those branches of their motion pursuant to CPLR 3211 (subd [a], pars 5, 7), which sought dismissal of the plaintiffs' first and third causes of action and granted the branch thereof which sought dismissal of plaintiffs' second cause of action with leave to replead the same. Order, as amended, modified, on the law, by granting defendant's motion to the extent of dismissing plaintiffs' second and third causes of action unconditionally. As so modified, order affirmed insofar as appealed from, with costs to defendants. Plaintiffs' third cause of action against defendants alleges breach of a contract by defendants in the sale of their business to plaintiffs. Plaintiffs rely on an outline of agreement allegedly presented by defendant Joseph Shatsky during negotiations. The outline of agreement indicates that payment would take place over a four-year term. Neither this document nor any other presented in the record was signed by any of the defendants. As such, the Statute of Frauds bars the action (see General Obligations Law, § 5-701, subd a, par 1). Moreover, defendants are not estopped from relying on the Statute of Frauds. Even if New York law fully embraced the doctrine of promissory estoppel, we would not apply it to the case at bar. The plaintiffs' alleged injuries are not so egregious as to render unconscionable the assertion of the Statute of Frauds (see *Swerdloff v Mobil Oil Corp.,* 74 AD2d 258). Nor were plaintiffs' acts in hiring various professionals to evaluate Joseph Shatsky's business "unequivocally referable to the alleged oral agreement" (*Ripple's of Clearview v Le Havre Assoc.,* 88 AD2d 120, 123). Therefore, plaintiffs' promissory estoppel argument is rejected and their breach of contract cause of action is dismissed by reason of the Statute of Frauds. Plaintiffs' second cause of action, asserted against defendant Murray Warshavsky for tortious interference with contractual relations, must likewise be dismissed. The most important element in this cause of action, the existence of a valid contract, is missing (see *Israel v Wood Dolson Co.,* 1 NY2d 116, 120). Nor could Warshavsky be liable for interference with precontractual relations, since plaintiffs failed to allege either that Warshavsky employed unlawful means or that he acted solely to injure plaintiffs (*Rosenberg v Del-Mar Div., Champion Int. Corp.,* 56 AD2d 576). Accordingly, plaintiffs' second cause of action is dismissed unconditionally. On oral argument, counsel for plaintiffs agreed that if their first cause of action, alleging fraud, were established at trial, plaintiffs would not seek to recover more than their out-of-pocket expenses incurred as a result of hiring various professionals, and recovery would not extend to damages based on a refusal to sell. As so limited we affirm Special Term's holding that the first cause of action sufficiently states a cause of action in fraud. Damiani, J. P., Titone, Lazer and Boyers, JJ., concur.