■ D & N BOENING, INC., Respondent, v KIRSCH BEVERAGES, INC., et al., Appellants. — In an action for specific performance of an alleged oral franchise agreement, or, in the alternative, to recover damages for breach thereof, defendants appeal from an order of the Supreme Court, Nassau County (Levitt, J.), dated December 2, 1982, which denied their respective motions to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 5) and section 5-701 (subd a, par 1) of the General Obligations Law as barred by the Statute of Frauds. Order reversed, on the law, with costs, motions granted, and complaint dismissed. The issue presented herein is whether enforcement of an alleged oral franchise agreement is barred by the Statute of Frauds. The complaint alleges that in 1955, Joseph Boening and his sons Norman and Donald, who were the principals of an unincorporated, wholesale beverage distribution business entered into a verbal agreement with Minck Beverages (hereinafter Minck, not a party to this action), the prime distributor of Yoo-Hoo chocolate beverage, whereby they were made the exclusive franchise subdistributors of Yoo-Hoo in Nassau and western Suffolk Counties for as long as they "satisfactorily distributed the product, exerted their best efforts and acted in good faith". In addition, as a condition to receiving the franchise, the Boenings agreed to discontinue distribution of another chocolate beverage. In 1963, the defendant American Beverage Corp. (hereinafter American), known until 1970 as the New York American Beverage Co., Inc., acquired the prime Yoo-Hoo distribution franchise from Minck, and the exclusive subdistributorship that had been created between Minck and the Boenings was continued between them and American. In 1965, Joseph Boening died and the business was continued by his sons, who incorporated under the name of D & N Boening, Inc., the plaintiff in this action. At that time plaintiff requested of American that the franchise agreement be reduced to writing, but American refused to do so and simply agreed to continue the franchise as it had previously existed on condition that plaintiff's performance remain satisfactory. In 1982, defendant Kirsch Beverages, Inc. (hereinafter Kirsch) purchased American. Kirsch thereafter ceased providing Yoo-Hoo to plaintiff and terminated plaintiff's subdistributorship. Plaintiff then brought this action against Kirsch and American for specific performance or, alternatively, for damages for breach of the alleged oral agreement. Defendants separately moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 5), upon the ground that enforcement of the agreement was barred by the Statute of Frauds (General Obligations Law, § 5-701, subd a, par 1). Special Term denied the motions, holding that the subject agreement did not fall within the bar of the statute and this appeal followed. The Statute of Frauds, as codified in section 5-701 (subd a, par 1) of the General Obligations Law, provides in pertinent part: "a. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking: 1. By its terms is not to be performed within one year from the making thereof". The alleged oral agreement in the case at bar is essentially a service or employment contract of indefinite duration which could not, by its terms, be performed within one year. As such, the contract is void and unenforceable under the Statute of Frauds (*Polykoff Adv. v Houbigant, Inc.*, 43 NY2d 921; *Zupan v Blumberg*, 2 NY2d 547; *Vassallo v Texaco, Inc.*, 73 AD2d 642). To be

distinguished are those oral contracts providing for contingencies, i.e., alternative forms of performance, one of which is capable of being performed within one year. For example, in *North Shore Bottling Co. v Schmidt & Sons* (22 NY2d 171, 174), the defendant orally agreed to make plaintiff the exclusive wholesale distributor of defendant's beer in Queens County " 'for as long as [the defendant] sold beer in the New York metropolitan area in which Queens County is located' " (emphasis omitted). Thus, the agreement expressly provided for two contingencies: first, the distributorship could have continued indefinitely; second, defendant could have terminated the agreement at any time by discontinuing sales of its product in the metropolitan area. Since the agreement could have been completely performed by defendant's withdrawal of its product from the market within one year, the agreement did not, by its terms of necessity extend beyond one year from the time of its making. Thus, notwithstanding the parties' expectations that the agreement would last for many years, it fell outside the bar of the Statute of Frauds. Similarly, in *Mar-Bond Beverage Corp. v Dublin Distrs.* (9 AD2d 951, 951-952), the oral agreement called for plaintiff to sell and promote defendant's product, which defendant was to supply at prevailing wholesale prices so long as defendant continued to receive the product from its source of supply. This court held that the agreement did not fall within the statute, since it could have been completely performed within one year if defendant's source of supply had ceased to exist within that time. The factor distinguishing cases such as *North Shore Bottling Co.* and *Mar-Bond Beverage Corp.* from the case at bar is the existence in those agreements of an express contingency creating an alternative mode of performance which might have terminated the parties' contractual relationship within one year, thereby taking those agreements outside the statute. The agreement in the present case, however, contained no such contingency. The agreement, as alleged in the complaint, simply called for performance of indefinite duration so long as plaintiff and its predecessors "satisfactorily distributed the product, exerted their best efforts and acted in good faith". Assuming that the Boenings had not performed satisfactorily within the first year of the agreement, such unsatisfactory performance would not have constituted a contemplated mode of performance fulfilling the agreement. Rather, unsatisfactory performance would have constituted a breach of the agreement. If fulfillment of an alternative performance within one year is not contemplated except in consequence of a breach of the main promise, which forms the other alternative and which the parties contemplate shall be carried out, the oral agreement is within the Statute of Frauds. The contingency is not a true alternative, but rather a breach of the agreement (3 Williston, Contracts [3d ed], §§ 498, 498A). Simply put, the agreement was not one which might have been performed within one year, but one which could only have been terminated within that period by a breach thereof. The possibility of wrongful termination is not the same as the possibility of performance within the statutory period (*Zupan v Blumberg*, 2 NY2d 547, 552, *supra*). Plaintiff also contends that defendants should be precluded from pleading the Statute of Frauds as a defense to this action under the doctrine of promissory estoppel. That doctrine, as set forth in section 139 of the Restatement of Contracts second, provides that a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee, and which does induce such action or forbearance, is enforceable notwithstanding the Statute of Frauds if injustice can be avoided only by enforcement of the promise (see, also, *Swerdloff v Mobil Oil Corp.*, 74 AD2d 258, mot for lv to app den 50 NY2d 913; Promissory Estoppel as Basis for Avoidance of Statute of Frauds, Ann., 56 ALR3d 1037, 1050-1051). Even if New York law fully embraced the doctrine of promissory estoppel, that doctrine would only be applied to the limited class of

cases where the promisee, in reliance upon a promise, has suffered unconscionable injury (*Long Is. Pen Corp. v Shatsky Metal Stamping Co.*, 94 AD2d 788, 789; *American Bartenders School v 105 Madison Co.*, 91 AD2d 901; *Buddman Distrs. v Labatt Importers*, 91 AD2d 838; *Ginsberg v Fairfield-Noble Corp.*, 81 AD2d 318; *Swerdloff v Mobil Oil Corp., supra;* 3 Willison, Contracts [3d ed], § 533A, p 801). Under the circumstances presented in the case at bar, the application of the Statute of Frauds would not lead to an unconscionable result. According to the complaint, plaintiff was induced by defendants' promises to discontinue distribution of a competing chocolate beverage, to structure its growth around Yoo-Hoo as its prime beverage, to invest considerable sums of cash in plant and capital equipment, to increase its payroll and to forego other possible beverage distributorships. However, all of these acts took place over the 27-year period during which plaintiff's and its predecessors' agreement with defendants and their predecessor remained in effect. The lengthy duration of the agreement points to the fact that plaintiff and its predecessors derived a substantial income from Yoo-Hoo sales throughout. Significantly, when plaintiff's request for a written contract was denied in 1965, plaintiff continued to assume the risk of distributing Yoo-Hoo pursuant to the 1955 oral agreement for an additional 17 years; plaintiff apparently determined that the risk of termination of the oral agreement was outweighed by the profits to be realized so long as the agreement remained in effect. Moreover, although plaintiff's predecessors discontinued distribution of a competing chocolate drink in 1955, they continued to distribute other beverages in addition to Yoo-Hoo during the life of the agreement, and plaintiff's investments in warehouse space, trucks and additional employees served to promote sales of those products as well. In sum, this is not a case where a promisee was induced to act upon an unfulfilled promise. It is clear that both sides to the agreement herein continued to perform and derive benefits for almost three decades before the agreement was terminated. In our view, such circumstances are not so egregious as to render unconscionable the assertion of the Statute of Frauds. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.