■ ESTELLE CORA, as President and Chief Executive Officer of the Spanish Camp Residents Association, et al., Respondents-Appellants, and SALVATORE BRANCIFORTE et al., Respondents, v SPANISH NATUROPATH SOCIETY, INC., Appellant-Respondent. —In an action, *inter alia,* to recover damages for fraud and breach of contract, (1) the defendant appeals, as limited by its. notice of appeal and brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated May 25, 1989, as denied that branch of its motion which was to dismiss the second cause of action, and (2) the plaintiffs, except Salvatore and Carmen Branciforte, cross-appeal, as limited by their notice of appeal and brief, from so much of the same

order as (a) denied that branch of their motion which was to strike the answer or the affirmative defenses, and to stay all proceedings pending the completion of discovery, and (b) granted those branches of the defendant's motion which were for summary judgment dismissing the first and third causes of action and dismissing the complaint insofar as it was asserted on behalf of the Spanish Camp Residents Association.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the defendant's motion which was for summary judgment dismissing the plaintiffs' second cause of action as granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, without costs or disbursements.

The defendant, a not-for-profit corporation, owns a parcel of real property on Staten Island. The individual plaintiffs, all of whom are members of the plaintiff Spanish Camp Residents Association (hereinafter the Association), either own or rent bungalows located on the property. In 1983, after having learned that the defendant corporation was interested in selling the real property on which the bungalow community was situated, the plaintiffs commenced the instant action alleging breach of contract and fraud.

Under the breach of contract cause of action, the plaintiffs alleged that the defendant had contracted, promised and represented that it would permit the plaintiffs, in exchange for a monthly fee, to become members of the corporation, but that it had refused to do so and was now seeking to evict them. At the root of the fraud cause of action were the plaintiffs' allegations that the defendant corporation had falsely represented that the real property on which their bungalows were situated would never be sold without their approval, and that they would be permitted to become members of the defendant corporation. These representations, it was asserted, were detrimentally relied upon by the plaintiffs when they purchased their bungalows, and when they renovated them. Further, it was asserted that those representations were intended by the defendant corporation to be so relied upon. The plaintiffs, in their third cause of action, sought to enjoin the defendant corporation from selling the real property, from evicting them, and from denying them membership in the defendant corporation.

After having deposed many of the individual plaintiffs, the defendant corporation moved, *inter alia*, for summary judg-

ment dismissing the complaint. The defendant's motion was based, in part, on the fact that most of the plaintiffs so deposed had admitted that they had not been promised membership in the defendant corporation prior to purchasing their bungalows. The defendant also asserted that the first and second causes of action were barred by the Statute of Frauds in that the alleged promises were not evidenced by a writing. The defendant also asked that so much of the complaint as asserted causes of action on behalf of the plaintiff Spanish Camp Residents Association be dismissed, because that entity was not in privity with the defendant.

The plaintiffs subsequently cross-moved to strike the defendant's answer or, alternatively, the affirmative defenses asserted therein, claiming that the defendant corporation had repeatedly failed to comply with prior discovery orders. While the cross motion was pending, however, the individual whom the plaintiffs had sought to depose on behalf of the defendant was, in fact, deposed. In opposition to the defendant's motion to dismiss the complaint, the plaintiffs asserted that they had virtually all testified at their examinations before trial that, prior to purchasing their bungalows, they had been assured by a representative of the defendant that the land on which the bungalows were situated would never be sold, or at least would not be sold until the prospective purchaser had lived a long and happy life in the community.

The Supreme Court, *inter alia,* granted the defendant's motion insofar as it was to dismiss the first and third causes of action. The court found no evidence of an enforceable promise by the defendant corporation to either permit the individual plaintiffs to become members thereof or to refrain from selling the land upon which the bungalows were situated. However, the court did permit the second cause of action to stand, noting that if the plaintiffs could establish the allegations contained therein, they would be entitled to monetary damages for fraud. Finally, the court, without comment, dismissed the complaint insofar as it was asserted on behalf of the plaintiff association. The court also denied the plaintiffs' cross motion, finding that the individual sought to be deposed thereunder had been so deposed.

The Supreme Court properly dismissed the first cause of action to recover damages for breach of contract and the third cause of action for injunctive relief. The first cause of action alleged only that the defendant corporation contracted or promised to permit the individual plaintiffs to become members thereof. However, during the course of discovery, the

individual plaintiffs admitted that these allegations were inaccurate, and that no such promise was made to them. Thus, the plaintiffs are entitled to neither monetary damages nor a permanent injunction on the basis of an alleged breach of this promise.

However, the Supreme Court did err in denying that branch of the defendant's motion which was to dismiss the second cause of action based upon fraud. While the plaintiffs alleged the existence of an oral representation upon which they had relied to their detriment, the record contains no factual assertions from which it may be inferred that the alleged representations were known by the defendants to be false at the time they were made (see, Levy v Country Lake Homes, 133 AD2d 70). Thus, the plaintiffs failed to plead a valid cause of action sounding in fraud.

In light of the foregoing, we need not address the issue of whether the plaintiff association lacked standing to assert these causes of action on behalf of its individual members. Nor does the issue of whether the court erred in refusing to strike the defendant's answer due to its failure to comply with prior discovery orders need to be addressed. We note, however, that were we to address the latter issue, we would conclude that the court's determination in this regard does not constitute an improvident exercise of its discretion.

We have considered the parties' remaining contentions and find them to be without merit. Thompson, J. P., Brown, Kunzeman and Miller, JJ., concur.