Frank CELI, d/b/a F.R.C. Motor Lines, Plaintiff,

v.

CANADIAN OCCIDENTAL PETROLE-UM LTD., Canadian Chemicals, Ltd., and CXY Chemicals, Inc., Defendants.

No. 89 CV 2048 (SJ).

United States District Court, E.D. New York.

Oct. 13, 1992.

Jenny M. Maiolo, Richmond Hill, N.Y., for plaintiff.

Lewis A. Kaplan, Andrew Plunkett, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants.

## MEMORANDUM AND ORDER

JOHNSON, District Judge:

Plaintiff Frank Celi commenced this action against Canadian Oxy, Canadian Oxy Chemicals, Ltd., and CXY Chemicals Inc. in New York Supreme Court, Queens County in May 1989. The Defendants removed this action to the United States Court for the Eastern District of New York in June 1989 pursuant to 28 U.S.C. § 1441. In January 1990, Magistrate Judge John L. Caden granted the Plaintiff leave to file an amended complaint naming Canadian Occidental Petroleum, Ltd ("COPL"), Canadian Oxy Chemicals, Ltd. ("CanadianOxy") and CXY Chemicals, Inc. ("CXY") as defendants. The Amended Complaint sets forth claims for breach of contract, consequential damages and promissory estoppel.

Following discovery, Defendants COPL, CanadianOxy and CXY now move pursuant to Fed.R.Civ.P. ("Rule") 12(b)(2) and 56(b) for an order a) dismissing the complaint as against defendant COPL for lack of jurisdiction over the person and b) granting summary judgment dismissing the Complaint against all remaining defendants, including COPL in the event its motion pursuant to Rule 12(b)(2) is not granted. For the reasons stated below, the Defendants' motions are granted.

## I. STATEMENT OF FACTS

Defendant Canadian Occidental Petroleum, Ltd. ("COPL") is a Canadian corporation with its principal place of business in Alberta, Canada. Canadian Oxy Chemicals, Ltd. ("CanadianOxy") is a wholly owned subsidiary of COPL and is Canadian corporation with its principal place of business in Alberta. CXY Chemicals, Inc. ("CXY") is a Delaware corporation and a wholly owned subsidiary of CanadianOxy.

Plaintiff Frank Celi ("Celi") worked from 1978 through March 1987 for Akton Adhesives ("Akton"), an adhesives manufacturer. In 1986, William Zelman, the owner of

Akton, told Celi that he was negotiating with Paul Subject ("Subject"), an employee of CXY, about the possibility of the Defendants acquiring Akton. Celi and Subject engaged in a discussion regarding defendant CanadianOxy Chemicals' Ltd. ("CanadianOxy") intention to enter the United States adhesives market by either building or acquiring a major adhesive manufacturing facility in the United States.

On or about March 29, 1987, Celi met with Subject in Akton's New York office. Celi alleges that he and Subject agreed that CanadianOxy would employ Celi for a period of three years commencing March 30, 1987 and at a salary of $5,000 per month plus expenses. Akton ceased doing business on or about March 29, 1987.

Celi began working for CXY Chemical, Inc. ("CXY"). Since CXY did not have its own manufacturing facility, it entered into agreements with other manufacturers to supply CXY with finished adhesive products. Later, CXY unsuccessfully attempted to acquire a major New Jersey manufacturer of adhesive products. In a letter dated September 22, 1988, Subject terminated Celi's employment. The relevant text of the letter states the following:

> CanadianOxy Chemicals Ltd. has decided to temporarily suspend its adhesives business in the United States of America and enclosed is a notice that is being sent to all of our customers and business associates. Consequently, your services provided under the Verbal Agreement are completed and you are hereby notified that the Verbal Agreement is terminated, effective immediately.

Two months later, Celi and Zelman formed IMAR Corp., an asbestos removal company. Celi is the Vice–President and owns approximately twenty percent of the company.

## II. ANALYSIS

A. Motion to Dismiss Complaint Against COPL for Lack of In Personam Jurisdiction

Celi alleges that the Eastern District may exercise in personam jurisdiction over COPL pursuant to N.Y.Civ.Prac.L. &

R. ("CPLR") §§ 301 and 302. Under § 301, a court may assert in personam jurisdiction over a foreign corporation if it is "engaged in such a continuous and systematic course of 'doing business' as to warrant a finding of its 'presence' in this jurisdiction." *Frummer v. Hilton Hotels International, Inc.*, 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 43, 227 N.E.2d 851, 853 *cert. denied*, 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967). The party asserting jurisdiction also bears the burden of proof. *Mayer v. Josiah Wedgwood & Sons, Ltd.,* 601 F.Supp. 1523 (S.D.N.Y.1985). Celi has failed to submit any evidence of COPL's doing business in New York on a systematic and continuous basis. There is no evidence that COPL either possessed a license to conduct business in New York or maintained a local office, employees, designated agent, bank account, a telephone listing, or other property in New York. *See Pneuma–Flo Systems v. Universal Machinery Corp.*, 454 F.Supp. 858, 861 (S.D.N.Y.1978). Plaintiff contends that COPL is doing business in New York because COPL is traded on the American Stock Exchange in New York. However, this argument was rejected before the turn of the century. *See Clews v. Woodstock Iron Co.*, 44 F. 31 (S.D.N.Y.1890) (Alabama corporation not doing business in New York merely because its bonds were listed on the New York Stock Exchange). Therefore, Celi has failed to demonstrate that COPL is subject to this Court's jurisdiction under § 301.

Section 302 of the CPLR provides that a court may exercise personal jurisdiction over a non-domiciliary where the defendant transacts business within New York state and the cause of action arises from that transaction of business. N.Y.CPLR § 302(a). Celi contends that COPL exercised control over its subsidiary CXY to such an extent that it was effectively doing business in New York. The Plaintiff urges this Court to pierce the corporate veil to hold COPL liable for the acts of CXY.

■ In New York, there is a "presumption of separateness" to related corporations. *Kashfi v. Phibro–Salomon, Inc.*, 628 F.Supp. 727, 733 (S.D.N.Y.1986). To prevail, the plaintiff must show 1) that the subsidiary is a 'mere instrumentality' of the parent and 2) that the subsidiary is being used by the parent corporation in order to commit or conceal a fraud. *Id.* In determining whether the corporate veil should be pierced, a court may consider the following factors: "1) the absence of the formalities which are part and parcel of normal corporate records, etc., 2) inadequate capitalization, 3) personal use of corporate funds...." *Walter E. Heller & Co. v. Video Innovations, Inc.*, 730 F.2d 50, 53 (2d Cir.1984). "[T]he parent corporation must dominate the finances, policies, and business practices of the subsidiary corporation to such an extent that the subsidiary has no separate existence of its own." *Kashfi v. Phibro–Salomon, Inc.*, 628 F.Supp. at 733.

■ Celi has failed to submit evidence demonstrating that any of the above facts exist in this case. The Plaintiff argues that the COPL's annual report and 10–K statements are evidence that COPL, CanadianOxy and CXY are one in the same. This Court disagrees. After examining these documents, the Court finds nothing in them which indicates that COPL exercised control over CXY to such an extent that the Court may assert personal jurisdiction over COPL.

**B. Motion for Summary Judgment**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c). The court's function is not to resolve disputed genuine issues of material fact, but only to determine whether there is such an issue in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Eastman Machine Co. v. United States*, 841 F.2d 469, 473 (2d Cir.1988). The mere existence of factual issues which are not material to the outcome of the litigation will not defeat a motion for summary judgment. *Knight v.*

*U.S. Fire Insurance Co.*, 804 F.2d 9, 11–12 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

### 1. Breach of Contract Claim

The basis for Celi's breach of contract claim is an alleged three year oral employment agreement. The New York Statute of Frauds provides in relevant part:

> Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:
>
> 1. By its terms is not to be performed within one year from the making thereof. . . .

N.Y.Gen.Oblig.Law S 5–701(a)(1) (McKinney 1978). The Statute of Frauds bars the enforcement of an employment contract for a fixed term longer than a year unless it is memorialized in a writing signed by the party to be charged. *See Cunnison v. Richardson Greenshields Securities, Inc.*, 107 A.D.2d 50, 485 N.Y.S.2d 272, 275 (A.D. 1st Dept.1985).

"[A] formal written contract is not required to satisfy the statute; however, any writings relied upon to establish a contract must contain the essential terms of the contract." *F.H. Krear & Co. v. Nineteen Named Trustees*, 545 F.Supp. 372, 374 (S.D.N.Y.1982). To satisfy the Statute of Frauds the "memorandum" need not be in one document. A contract "may be pieced together out of separate writings connected with one another either expressly or by the internal evidence of subject matter and occasion." *Crabtree v. Elizabeth Arden Sales Corp.*, 305 N.Y. 48, 110 N.E.2d 551, 553 (1953).

Celi alleges that he and Subject agreed that Celi would work for Canadian-Oxy or CXY for three years at a salary of $5,000 per month. He claims that his employment arrangement is evidenced by the following written materials: a page from an adhesives industry directory referring to Celi as "CXY's Director of Purchasing"; invoices sent by Celi to CXY indicating monthly payments from CXY to Celi of $5,000; and the letter terminating Celi's employment. None of these documents substantiate the essential terms of the alleged oral agreement. Although the letter terminating Celi's employment makes reference to the "Verbal Agreement" and the invoices indicate that CXY paid him $5,000 per month, neither sets forth a three year fixed term of employment. Where a writing lacks "the essential terms of the agreement, including the duration of the defendant's performance obligation," it fails to satisfy the Statute of Frauds. *City of Yonkers v. Otis Elevator Co.*, 649 F.Supp. 716, 727 (S.D.N.Y.1986); *see also Kobre v. Instrument Systems Corp.*, 54 A.D.2d 625, 387 N.Y.S.2d 617, 619 (1st Dept.1976), *aff'd*, 43 N.Y.2d 862, 403 N.Y.S.2d 220, 374 N.E.2d 131 (1978).

Celi contends that the Statute of Frauds is inapplicable to the alleged agreement because Celi partially performed under the contract and the contract could have been performed within one year if one of the parties terminated the agreement. Both arguments are without merit. First, partial performance of an oral employment contract will not remove a contract from the operation of the Statute of Frauds. "Nothing short of full performance by both parties of an oral contract of employment will take the agreement out of the statute." *Health Delivery Systems, Inc. v. Sheinman*, 42 A.D.2d 566, 344 N.Y.S.2d 190, 192 (App.Div.1973); *see also Cunnison v. Richardson Greenshields Securities*, 107 A.D.2d 50, 485 N.Y.S.2d 272, 276 (App.Div. 1985) ("In New York, ... such contracts are void and part performance will not remove them from the bar of the Statute of Frauds.")

Second, "termination of an agreement as a result of its breach is not performance thereof within the meaning of the Statute of Frauds, and an oral agreement which by its own terms must continue for more than a year unless terminated by its breach is void." *D & N Boening, Inc. v. Kirsch Beverages, Inc.*, 63 N.Y.2d 449, 483 N.Y.S.2d 164, 167, 472 N.E.2d 992, 995 (Ct.App.1984). The possibility of a breach will not remove a contract from the Statute of Frauds. Based on the above, Celi's alleged oral three year employment agreement is void under the Statute of Frauds.

### 2. Other Consequential Damages

 Count Two of the Amended Complaint alleges that Celi has been excluded from obtaining employment in the adhesives industry because the Defendants fraudulently induced him to leave his position at Akton. These allegations amount to claim for defamation. A claim for defamation may arise where the defendant's conduct brought an idea that the plaintiff was dishonest to the perception of the public. *See Goldberg v. Sitomer, Sitomer & Porges, et. al.,* 97 A.D.2d 114, 469 N.Y.S.2d 81, 82 (App.Div.1983), *aff'd,* 63 N.Y.2d 831, 482 N.Y.S.2d 268, 472 N.E.2d 44 (1984). In New York, an action to recover damages for defamation must be commenced within one year. N.Y.Civ.Prac.L. & R. § 215(3) (McKinney 1992).

 A cause of action for injury to reputation accrues when the false repute becomes widely known. *Morrison v. National Broadcasting Company, Inc.,* 19 N.Y.2d 453, 280 N.Y.S.2d 641, 645, 227 N.E.2d 572, 575 (1967). Celi contends that the Defendants' acquisition of Akton in March 1987 injured his reputation in the adhesives industry. Celi has testified that he became aware of the injury to his reputation as early as September 1987. Celi commenced this action in May 1989, more than two years after the alleged defaming activity occurred and twenty months after he first became aware of the injury. The Court finds that the Defendants have met their burden of demonstrating an absence of material fact as to their ability to establish a prima facie case that Count Two is barred by the statute of limitations. As Plaintiff has failed to put forth any affirmative evidence establishing that the statute of limitations period was tolled or that some exception to the statutory period exists, the Court finds that Count Two of the Amended Complaint is time barred and

grants summary judgment dismissing that part of the Amended Complaint.[1] *See Anonymous v. Anonymous,* —— Misc.2d ——, 584 N.Y.S.2d 713, 717 (1992).

### 3. Promissory Estoppel

Count Three of Celi's Amended Complaint states a claim for promissory estoppel. Celi alleges that in reliance upon the Defendants' promise of employment, 1) he relinquished a secure position in Akton in order to join CXY; 2) he was restrained from seeking employment elsewhere; 3) he bought a 1988 Lincoln Town car for which he had to take out a home equity loan to satisfy the debt after being terminated; 4) he placed his reputation on the line; and 5) he is now unable to secure a new position in the adhesives business because of the Defendants' alleged illegal behavior.

The elements of promissory estoppel are "a clear and unambiguous promise; and a reasonable reliance by the party to whom the promise is made; and an injury sustained by the party asserting the estoppel by reason of his reliance." *Ripple's of Clearview, Inc. v. LeHavre Associates,* 88 A.D.2d 120, 452 N.Y.S.2d 447, 449 (App. Div.1982). The injury referred to must be an "unconscionable injury." *D & B Boening, Inc. v. Kirsch Beverages, Inc.,* 99 A.D.2d 522, 471 N.Y.S.2d 299, 302 (App. Div.1984). "The strongly held public policy reflected in New York's Statute of Frauds would be severely undermined if a party could be estopped from asserting it every time a court found that some unfairness would otherwise result." *Philo Smith & Co., Inc. v. USLife Corp.,* 554 F.2d 34, 36 (2d Cir.1977). Therefore, promissory estoppel is reserved for those limited cases where 'the circumstances are such as to render it *unconscionable* to deny' the promise upon which the plaintiff relied. *Id.* quoting 3 Williston on Contracts § 533A, at 801 (3d ed. 1960).

---

1. There appears to be no merit to Celi's claim that the Defendants fraudulently induced him to accept employment. Celi contends that the Defendants had no intention of purchasing or constructing an adhesives factory. But his own deposition testimony that CXY did attempt to acquire at least one major adhesives manufacturer belies this assertion. When asked during his deposition "what facts do you possess to support your allegation that 'they never intended to commence construction of said facility,'" Celi responded "because they never did." Where a plaintiff's deposition testimony revealed that the plaintiff was unable to produce factual support for his fraud claim, the claim may be dismissed. *See Cora v. Spanish Naturopath Society, Inc.,* 168 A.D.2d 535, 562 N.Y.S.2d 766, 769 (A.D.2d Dept.1990).

Assuming arguendo that Celi could prove that he reasonably relied upon a clear and unambiguous promise by the Defendants, his alleged injuries do not arise to the level of unconscionable injury required to recover under the promissory estoppel doctrine.[2] First, inducing an individual to leave his current position through an offer of a different position and certain benefits does not constitute an unconscionable injury worthy of promissory estoppel. *Dalton v. Union Bank of Switzerland,* 134 A.D.2d 174, 520 N.Y.S.2d 764, 766 (App.Div.1987). Neither is declining other employment opportunities in favor of remaining in or accepting a particular position. *Zucker v. Katz,* 708 F.Supp. 525, 533 (S.D.N.Y.1989); *Cunnison v. Richardson Greenshields Securities, Inc.,* 107 A.D.2d 50, 485 N.Y.S.2d 272, 276 (1st Dept.1985). In addition, Celi testified at his deposition that his position at Akton became obsolete because Akton went out of business at or about the same time the he accepted employment. Celi also admits that he did not forgo other employment opportunities in the adhesives industry when he accepted employment with CXY.

Second, regarding the costs related to Plaintiff's car, the Court finds no reasonable reliance. Celi has failed to put forth any affirmative evidence that the Defendants agree to pay for his 1988 Lincoln Town car. The Defendants only agree to pay for mileage accrued in the course of business, and for certain repairs. Celi admits that they fulfilled this promise. (Celi Tr. 206–09). Therefore, not only is there no unconscionable injury, but there is no reasonable reliance.

## III. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss and for Summary Judgment is hereby granted in its entirety.

---

**2.** The last two injuries cited by the Plaintiff appear to repeat the allegations of Count Two of the Amended Complaint. The Court takes them to be allegations made in furtherance of Celi's claim for injury to reputation which the Court has already found to be time barred.