■ MICHAEL F. RONAN et al., Respondents, v MARTIN O. NORTHRUP et al., Defendants, and ROBERT E. STEVENS, Appellant. [667 NYS2d 181] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action asserting a cause of action against all defendants for fraud and causes of action for breach of contract and malpractice against defendant Robert E. Stevens. The fraud cause of action is based upon the allegations of plaintiffs that they entered into a lease with defendants Martin O. Northrup and Lucille A. Northrup and improved the leasehold property in reliance upon the false representation of Stevens that it would be "no problem" to obtain a zoning variance and special use permit from the Town of Greece to enable them to use the property for automobile repair and the sale of used cars. Stevens was the Northrups' attorney but he also undertook to represent plaintiffs in the zoning application. There is a dispute whether he also represented plaintiffs with respect to the lease. Defendants moved to preclude the introduction of certain evidence because plaintiffs failed to respond fully to defendants' interrogatories despite a court order to do so and for summary judgment dismissing the complaint. Supreme Court denied the motion for preclusion and for summary judgment and ordered that depositions of the parties be held and that plaintiffs fully respond to defendants' interrogatories within 30 days. Stevens alone has appealed.

The court did not abuse its discretion in denying defendants' motion for preclusion (see, CPLR 3126; see generally, Zletz v Wetanson, 67 NY2d 711, 713). The record does not support the conclusion that the failure of plaintiffs to comply with the court's order requiring them to respond fully to defendants' interrogatories was the kind of "[e]xtreme conduct" necessary to grant the drastic remedy of preclusion (Dauria v City of New York, 127 AD2d 459, 460; see, Cooper v Drobenko Bros. Realty, 200 AD2d 415).

Stevens failed to establish his entitlement to summary judgment with respect to the breach of contract and malpractice causes of action (see generally, Zuckerman v City of New York, 49 NY2d 557, 562). Although Stevens moved for summary judgment dismissing the entire complaint, he failed to address either of those causes of action in support of his motion and has not even done so on appeal.

The court erred, however, in failing to grant that part of defendants' motion for summary judgment dismissing the fraud cause of action. Plaintiffs did not submit opposing affidavits and their verified complaint and answers to interrogatories fail to "set forth any factual assertions from which it may be inferred that the alleged representations were known to be false and that there was justifiable reliance upon those representations" (*Levy v Country Lake Homes*, 133 AD2d 70, 71; *see, Cora v Spanish Naturopath Socy.*, 168 AD2d 535, 538, *lv dismissed in part and denied in part* 78 NY2d 940). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.— Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Callahan and Boehm, JJ.