John **INTERMOR** and Linda **Intermor, Plaintiffs,**

v.

**WALT DISNEY COMPANY, Walt Disney World Corporation, and Walt Disney World Hospitality & Recreation Corporation d/b/a Disney's Animal Kingdom, Defendants.**

No. 01 CV 7293(SJ).

United States District Court, E.D. New York.

March 6, 2003.

Law Offices of Aaron J. Broder, New York, NY, by Douglas A. Emanuel, Esq., for Plaintiffs.

Greenberg Traurig, LLP, New York, NY, by Kenneth A. Lapatine, Esq., Scott D. Greenspan, Esq., for Defendants.

## MEMORANDUM AND ORDER

JOHNSON, District Judge.

Plaintiffs John Intermor and Linda Intermor ("Plaintiffs"), residents of the State of New York, brought this action after allegedly suffering injuries while guests of Disney's Animal Kingdom ("Animal Kingdom"). Plaintiffs named three defendants, Walt Disney Company ("WDC"), Walt Disney World Corporation ("World Co."), and Walt Disney World Hospitality and Recreation Corporation ("HRC") d/b/a Disney's Animal Kingdom (collectively, "Defendants"). Presently before the Court is Defendants' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") as to defendants World Co. and HRC, for failure to state a claim pursuant to Rule 12(b)(6) as to defendant WDC, and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) as to all Defendants.

## BACKGROUND

Plaintiffs allege that on April 24, 1999, they were in Florida as guests at the Animal Kingdom. (Complaint ["Complt."] at 4.) During this visit, Plaintiffs allege they boarded an open air bus owned and operated by Defendants to take them on the safari ride. (*Id.* at 5.) While waiting for the ride to begin, Plaintiffs claim they were injured when the bus was struck by a second bus also owned and operated by Defendants. (*Id.*) As a result of this accident, Plaintiffs claim they were "rendered sick, sore, lame and disabled and were caused to and did sustain severe, protract-ed physical, emotional and psychological injuries, which injuries are ... permanent." (*Id.*)

Plaintiffs filed the instant Complaint on October 30, 2001 based on diversity jurisdiction, asserting claims for negligence and loss of consortium. (Complt. at 5–7.) Defendants filed this pre-answer motion on April 5, 2002.

## DISCUSSION

■■■ In a challenge to in personam jurisdiction in a diversity action, a district court must undertake a two-part analysis: first, the court must apply the law of the forum state in determining whether a court has personal jurisdiction over a defendant, *see CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986); *see also Hinsch v. Outrigger Hotels Hawaii,* 153 F.Supp.2d 209, 211 (E.D.N.Y.2001) (applying New York law); and second, the court must determine whether exercising personal jurisdiction under the state's laws is consistent with federal due process requirements. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999). "The burden of establishing jurisdiction over a defendant ... is upon the plaintiff." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985); *Celi v. Canadian Occidental Petroleum Ltd.,* 804 F.Supp. 465, 468 (E.D.N.Y.1992). Where a court relies on pleadings and affidavits in lieu of an evidentiary hearing, plaintiff must make a prima facie showing that such jurisdiction exists. *CutCo Indus., Inc.,* 806 F.2d at 365. A court must view the pleadings and affidavits in the light most favorable to the plaintiff and all doubts are to be resolved in the plaintiff's favor. *Hoffritz,* 763 F.2d at 57; *see also Schenck v. Walt Disney Co.,* 742 F.Supp. 838, 840 (S.D.N.Y.1990).

New York law provides two statutory means by which a foreign defendant can be subject to personal jurisdiction in New York: Civil Practice Law and Rules sections 301 ("CPLR 301") and 302 ("CPLR 302"). Plaintiffs include language in the Complaint suggesting that both apply as to various Defendants.

## I. CPLR 301—"Doing Business"

■ CPLR 301 preserves historical caselaw in New York which provided that a foreign corporation is "doing business" in New York, and is therefore present in the state and subject to personal jurisdiction "if it does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Hoffritz*, 763 F.2d at 58 (*quoting Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915 (1917)); *see also Laufer v. Ostrow*, 55 N.Y.2d 305, 309–10, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982) ("Under CPLR 301 the authority of the New York courts [to exercise jurisdiction over a foreign corporation] is based solely upon the fact that the defendant is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." (citations and internal quotations omitted)). A court shall apply this "simple pragmatic test" to determine whether a potential defendant engages in a sufficiently "continuous and systematic" course of doing business to justify being hailed into court in a foreign jurisdiction. *Hoffritz*, 763 F.2d at 58 (*citing Frummer v. Hilton Hotels Int'l, Inc.*, 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967)); *see also Laufer*, 55 N.Y.2d at 310, 449 N.Y.S.2d 456, 434 N.E.2d 692 (a court shall determine whether a "corporation's contacts with the State [are] sufficient to make it reasonable and just according to traditional notions of fair play and substantial justice that it be required to defend the action here" (internal quotations omitted) (*citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945))).

■ New York courts have considered a number of factors as important in determining whether a foreign corporation has a sufficient corporate presence to find it subject to personal jurisdiction pursuant to CPLR 301, including: the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state. *Hoffritz*, 763 F.2d at 58 (*citing Frummer*, 19 N.Y.2d at 537, 281 N.Y.S.2d 41, 227 N.E.2d 851); *see also Hinsch*, 153 F.Supp.2d at 212. The New York Court of Appeals has further clarified that one of these factors, solicitation of business in the state, "alone will not justify a finding of corporate presence in New York." *Laufer*, 55 N.Y.2d at 310, 449 N.Y.S.2d 456, 434 N.E.2d 692. Rather, solicitation of business coupled with "activities of substance" is required to find personal jurisdiction over a foreign corporation. *Id.; see also Schenck*, 742 F.Supp. at 841 ("This so called 'solicitation plus' rule is satisfied when, in addition to solicitation, the foreign corporation is involved in some financial or commercial dealings in New York or holds itself out as operating in New York.").

■ There is no caselaw in New York's state or federal courts which would support a finding of personal jurisdiction over World Co. or HRC. Neither entity has an office, a bank account or property in the state. (*See* Declaration of Carol S. Pacula ["Pacula Decl."] at 2; Declaration of Lee G. Schmudde at 2.) Plaintiffs assert that both entities solicit in New York, as shown in Plaintiffs' Opposition to Defendants' instant motion, which includes photographs

taken in the Disney Store ("TDS"), which operates in New York. (*See* Pls.' Mem. at 1–2; *see also* Declaration of Eric Turkewitz at 1.) As noted previously, however, mere solicitation is insufficient to vest a New York court with personal jurisdiction over a foreign corporation. *See Laufer*, 55 N.Y.2d at 310, 449 N.Y.S.2d 456, 434 N.E.2d 692; *see also Hinsch*, 153 F.Supp.2d at 213. Accordingly, this argument fails to convince the Court that Defendants are subject to personal jurisdiction in this district.

■ Nor does the Court find persuasive Plaintiffs' argument that World Co. or HRC are subject to personal jurisdiction under CPLR 301 because WDC, the corporate parent, does business in New York and is thus subject to personal jurisdiction here. (*See* Pls.' Mem. at 2–3.) Courts in the Second Circuit have previously held that the corporate presence of WDC does not operate to create personal jurisdiction over World Co. *See Schenck v. Walt Disney Co.*, 742 F.Supp. 838 (S.D.N.Y.1990); *Grill v. Walt Disney Co.*, 683 F.Supp. 66, 69 (S.D.N.Y.1988) ("There is nothing in the record which suggests that Disney Co. acts as agent for Disney World Co., or that Disney World Co. is merely a department of Disney Co. Accordingly, the presence of the parent company in New York does not confer jurisdiction over the defendant Disney World Co.").

■ Plaintiffs argue that the existence of TDS in New York would require a different result, because TDS' presence in the forum state meets the "solicitation plus" requirements for finding personal jurisdiction over World Co. and HRC under CPLR 301. (*See* Pls.' Mem. at 2–3.) In order to credit Plaintiffs' argument, however, this Court would need to ignore the corporate structures in place which clearly show that TDS is a separate corporate entity from World Co. and HRC, as well as from WDC. (*See* Declaration of Sherrie L. Murphey ["Murphey Decl."] at 1.) Under New York law, "the mere presence of the parent company is not a sufficient basis for jurisdiction, unless the parent is acting as the agent of the subsidiary, or the parent's control over the subsidiary is such that the subsidiary is merely a department of the parent." *Grill*, 683 F.Supp. at 69. As the *Grill* court noted, there was no evidence that WDC acts as an agent for World Co., or that World Co. is a mere department of WDC. *Id.* The corporate structures for the separate entities—including TDS—remain separate and distinct. (*See* Murphey Decl. at 1–2.) Accordingly, this Court finds that under CPLR 301, World Co. and HRC are not subject to personal jurisdiction in this Court.[1]

## II. CPLR 302—Long Arm Statute

CPLR 302 is New York's long arm statute, and provides personal jurisdiction to non-domiciliaries of the state if certain requirements are met. Section 302(a)(1) states, in pertinent part, that jurisdiction

---

1. Plaintiffs' reliance on *Sigros v. Walt Disney World Co.*, 129 F.Supp.2d 56 (D.Mass.2001) is misplaced. (Pls.' Mem. at 2.) As noted by Defendants, *Sigros* is inapplicable because it was decided under Massachusetts' law, and not New York's. (*See* Defs.' Reply Mem. at 7–8.) The Massachusetts law on personal jurisdiction differs not only regarding solicitation of business, but also in the extent to which a corporate parent's activities can affect a subsidiary's likelihood of being subject to personal jurisdiction. *See, e.g., Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG*, 160 F.Supp.2d 722, 733–34 (S.D.N.Y.2001) (discussing how a corporate affiliate's activities can be attributed to a potential defendant for general jurisdictional purposes); *Grill*, 683 F.Supp. at 69 (refusing to find personal jurisdiction over World Co. because, under New York law, WDC's presence does not confer jurisdiction on a subsidiary). Accordingly, this Court declines to follow *Sigros*.

may be exercised "over a non-domiciliary ... who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). New York courts have regularly rejected a finding of personal jurisdiction under this provision for "[i]njuries resulting from recreational activities held outside the New York State, but advertised within the state." *Domond v. Great American Recreation, Inc.*, 116 F.Supp.2d 368, 373 (E.D.N.Y.2000). Plaintiffs' claim for personal jurisdiction under CPLR 302(a)(1) must fail because there is no "direct relationship between the cause of action and the in state conduct." *Fort Knox Music, Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir.2000).

CPLR 302(a)(3) operates to create personal jurisdiction in a defendant who "commits a tortious act without the state causing injury to person or property within the state." N.Y. C.P.L.R. § 302(a)(3). Courts applying CPLR 302(a)(3) have held that the injury resulting from the tortious act must have occurred in New York, so as to avoid extending the scope of New York's long arm statute too broadly. *See Domond*, 116 F.Supp.2d at 374 (" '[t]o hold otherwise would open a veritable Pandora's box of litigation subjecting every conceivable prospective defendant involved in an accident with a New York domiciliary to defend against actions brought against them in the state of New York' ") (*quoting Bramwell v. Tucker*, 107 A.D.2d 731, 484 N.Y.S.2d 92, 93 (2d Dep't 1985)).

■ In the instant case, there is no dispute that the injuries occurred in Florida, and not in New York. For the purposes of CPLR 302(a)(3), it is irrelevant that Plaintiffs' injuries resulted in consequences in New York, or even worsened while here. *See Hinsch*, 153 F.Supp.2d at 213 ("there is absolutely no legal basis to claim that the injury occurred in New York ... even if the damage first became clear and/or the injury worsened once the plaintiff returned to New York."). Accordingly, the Court chooses not to recognize personal jurisdiction over World Co. or HRC based on CPLR 302(a)(3) merely because Plaintiffs are domiciled in New York. *See Domond*, 116 F.Supp.2d at 373–74 ("The mere residence or domicile in New York of an injured plaintiff does not constitute injury within the state for the purposes of establishing jurisdiction under CPLR 302(a)(3) where the injury occurred elsewhere."); *Hinsch*, 153 F.Supp.2d at 213.

## III. Remaining Issues

■ As it is the holding of this Court that there is no personal jurisdiction under New York's forum laws, the Court could choose to grant Defendants' motion to dismiss the Complaint as to Defendants World Co. and HRC for lack of personal jurisdiction. Pursuant to 28 U.S.C. § 1406(a), however, this Court instead chooses to transfer the action to the Middle District of Florida for further proceedings. *See Goldlawr v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) ("If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized ..."); *see also Grill*, 683 F.Supp. at 69 (transferring as an alternative to dismissing for lack of personal jurisdiction).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of personal jurisdiction is DENIED and this action is

transferred to the Middle District of Florida for further proceedings.

SO ORDERED.