■ MARTIN W. KRAMER et al., Appellants, v HOTEL LOS MONTEROS S. A., Respondent.—Order, Supreme Court, New York County, entered January 12, 1976, granting defendant's motion for summary judgment on the ground that the court did not have jurisdiction of the person of the defendant, and the judgment of the same court based thereon, entered January 21, 1976, unanimously affirmed, without costs and without disbursements. At Special Term the plaintiffs contended that they had gained jurisdiction by virtue of CPLR 302 (subd [a], pars 1, 3, cl [i]). We affirm the holding of Special Term for the reasons stated by it. On appeal the plaintiffs contend that they also gained jurisdiction by virtue of CPLR 301 and 302 (subd [a], par 3, cl [ii]) and that, in any event, the court should not have dismissed the complaint without directing "a preliminary hearing to unearth the full details" of the defendant's presence, if any, in New York. There is no showing that the defendant engaged in such a "continuous and systematic course of 'doing business' in New York as to warrant a finding of its 'presence' in this jurisdiction", a necessity for jurisdiction under CPLR 301 (Delagi v Volkswagenwerk AG. of Wolfsburg, Germany, 29 NY2d 426, 430–431). At most, the defendant, a hotel in Spain where the plaintiff husband was injured when bitten by a dog, had an independent hotel representative in New York

and advertised in a trade publication "Hotel and Travel Index" circulated among travel agents in New York. This is insufficient to meet the requirements of CPLR 301 *(Ziperman v Frontier Hotel of Las Vegas,* 50 AD2d 581; *Carbone v Fort Erie Jockey Club,* 47 AD2d 337). CPLR 302 (subd [a], par 3, cl [ii] is inapplicable because the plaintiffs have not only failed to show the doing-business requirement of that subdivision but also because the injury, the dog bite, occurred in Spain even though its most severe medical result, septicemia, did not manifest itself until the plaintiff husband had returned to New York. "CPLR 302 (subd. [a], par. 3) looks to the imparting of the original injury within the State of New York and not resultant damage, in order that jurisdiction might be effectuated. To hold otherwise would open a veritable Pandora's box of litigation subjecting every conceivable prospective defendant involved in an accident with a New York domiciliary to defend actions brought against them in the State of New York" *(Black v Oberle Rentals,* 55 Misc 2d 398, 400; see, also, *American Eutectic Welding Alloys Sales Co. v Dytron Alloys Corp.,* 439 F2d 428; *Spectacular Promotions v Radio Sta. WING,* 272 F Supp 734). No issue of fact has been presented that would require a hearing *(Carbone v Fort Erie Jockey Club, supra;* cf. *Noble v Singapore Resort Motel of Miami Beach,* 21NY2d 1006). Concur—Murphy, P. J., Capozzoli, Lane and Lynch, JJ.