■ LEONARD SAVOLEO, Appellant, v COUPLES HOTEL, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Kuffner, J.), dated May 15, 1986, which granted the defendant's motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order and judgment is affirmed, with costs.

The defendant is a resort hotel on the island of St. Lucia in the Caribbean. The plaintiff, a resident of Staten Island, purchased a vacation package from Liberty Travel in Manhattan for a one-week stay at the hotel. On the fourth day of his visit, the plaintiff injured his leg during a boating accident. Upon returning to New York, he commenced an action against the defendant, claiming that it was negligent in the operation of the boat. The plaintiff subsequently commenced another lawsuit in St. Lucia to recover damages for the same injury.

As the basis for in personam jurisdiction over the defendant under CPLR 301, the plaintiff invokes the "doing business" doctrine. He argues that the aggregate of the defendant's New York activities are sufficient to meet the "doing business" standard. We disagree. The record discloses that the defendant maintains no office, telephone, bank account or agent in New York. The business trips of the defendant's general manager to New York to promote business in New York are only occasional. The mere periodic sending of corporate officers or employees into the State on corporate business is not enough to predicate a finding that a foreign corporate defendant is present for jurisdictional purposes (see, Meunier v Stebo, Inc., 38 AD2d 590).

In addition, while Liberty Travel and other independent travel agencies in New York may make reservations and accept payments on the defendant's behalf, and thus provide services beyond "mere solicitation", these limited services are not of such a nature and quality to subject the defendant to jurisdiction under CPLR 301 (see, Miller v Surf Props., 4 NY2d 475; Kramer v Hotel Los Monteros, 57 AD2d 756; cf., Gelfand v Tanner Motor Tours, 385 F2d 116, cert denied 390 US 996). In light of the constitutional limits to the exercise of in personam jurisdiction, we find that since the defendant hotel has done nothing more in New York than solicit business through independent agents, it is unfair to require it to defend a lawsuit in New York arising out of an accident in St. Lucia. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.