**John H. HINSCH, Plaintiff,**

v.

**OUTRIGGER HOTELS HAWAII, a limited Partnership Defendant.**

No. CV 01–974.

United States District Court, E.D. New York.

July 24, 2001.

Stone & Brantman, By Burton W. Stone, Jericho, NY, for Plaintiff.

Abbate, Lawrence & Worden, P.C., By Roger B. Lawrence, Melville, NY, for Defendant.

WEXLER, District Judge.

In this action plaintiff, John Hinsch ("Hinsch" or "Plaintiff") a resident of the State of New York, alleges that he was injured while vacationing in Hawaii at a hotel operated by defendant, Outrigger Hotels Hawaii ("Defendant" or "the Resort").[1] Presently before the court is Defendant's motion to dismiss for lack of personal jurisdiction pursuant to FRCP 12(b)(2). In the alternative, Defendant seeks transfer of this matter to a forum where personal jurisdiction is proper—the United States District Court for the District of Hawaii. For the reasons set forth below, motion to dismiss for lack of personal jurisdiction is granted.

1. The defendant hotel was formerly known as the Aston Wailea Resort. This fact does not effect the outcome of the present motion. For ease of reference the court will refer to the Defendant only as the "Resort."

## BACKGROUND

### I. Facts

The facts set forth below are those alleged by Plaintiff in his complaint. Those facts are deemed true for purposes of this motion directed to the pleadings.

In January 1999, Plaintiff made reservations at the Resort. Plaintiff became aware of the Resort when he read an advertisement in a magazine published by the American Automobile Association ("AAA"). The advertisement directed those interested to "CALL YOUR TRAVEL AGENT" to arrange to stay at the Resort. The Plaintiff arranged his stay at the Resort with a travel agent located in New York.

Plaintiff alleges that while he was vacationing at the Resort he slipped and fell. He attributes the fall to Defendant's negligence and seeks damages in the amount of $150,000.

### II. Defendant's Motion and Plaintiff's Opposition

Defendant seeks dismissal of Plaintiff's complaint for lack of personal jurisdiction or, in the alternative, transfer of this matter to the District of Hawaii. With respect to the jurisdictional argument, the Resort argues that it was neither: (1) "doing business" in New York within the meaning of Section 301 of the CPLR nor (2) "transacting business" within the meaning of Section 302 of the CPLR, New York's Long Arm Statute.

Plaintiff makes no particular legal argument in favor of jurisdiction. Instead, he states only that Plaintiff was treated in New York and that in "today's way of doing business" the Resort should be amenable to suit in this State. After outlining the applicable law, the court will turn to the merits of the motion.

## DISCUSSION

### I. Legal Principles

Where, as here, the basis of federal jurisdiction is diversity of citizenship, this court applies the law of the State of New York to determine whether jurisdiction over the defendant may be exercised. *See CutCo Industries, Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986); *Arrowsmith v. United Press, Internat'l*, 320 F.2d 219, 222–25 (2d Cir.1963)(en banc); *Domond v. Great American Recreation, Inc.*, 116 F.Supp.2d 368, 371 (E.D.N.Y.2000); *Andrei v. DHC Hotels and Resorts, Inc.*, 2000 WL 343773 *2 (S.D.N.Y. March 31, 2000); *Weinberg v. Club ABC Tours, Inc.*, 1997 WL 37041 *1 (E.D.N.Y. January 21, 1997).

New York law provides for jurisdiction over a foreign defendant under two circumstances that could possibly be argued to apply here. First, personal jurisdiction may be exercised if a defendant is "doing business" in New York within the meaning of Section 301 of the CPLR ("Section 301"). Second, long arm jurisdiction may be exercised over a defendant if the circumstances described in Section 302 of the CPLR ("Section 302") are present. *See* CPLR §§ 301–302.

#### A. Section 301

A foreign corporation will be amenable to jurisdiction in New York under CPLR § 301 if it is "doing business" within the state. To satisfy the doing business test, the defendant must be "engaged in such a continuous and systematic course" of business as to be "present" within the jurisdiction. *Frummer v. Hilton Hotels International, Inc.*, 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 43, 227 N.E.2d 851 (1967), quoting, *Simonson v. International Bank*, 14 N.Y.2d 281, 285, 251 N.Y.S.2d 433, 436, 200 N.E.2d 427 (1964); *Domond*, 116 F.Supp.2d at 372. Such conduct will be found only if the business conducted by

the defendant is "not occasionally or casually, but with a fair measure of permanence and continuity." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir.1985), quoting, *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915 (1917); *Laufer v. Ostrow*, 55 N.Y.2d 305, 310, 449 N.Y.S.2d 456, 458, 434 N.E.2d 692 (1982); *Andrei v. DHC Hotels and Resorts, Inc.*, 2000 WL 343773 *3 (S.D.N.Y. March 31, 2000); *Weinberg v. Club ABC Tours, Inc.*, 1997 WL 37041 *2 (E.D.N.Y. January 27, 1997).

When determining whether a foreign corporation is doing business in New York, either individually or through an agent, courts consider factors including: (1) whether the defendant maintains an office within the state; (2) whether the defendant has solicited business within the state; (3) whether the defendant maintains bank accounts or property within New York and (4) whether the defendant employs individuals in New York. *See Hoffritz*, 763 F.2d at 58. To be considered as doing business within New York, the defendant must be engaged in activities that go beyond the mere solicitation of business here. *Andrei v. DHC Hotels and Resorts, Inc.*, 2000 WL 343773 *3 (S.D.N.Y. March 31, 2000); *Maresca v. Holiday Inns, Inc.*, 1993 WL 8166 *2 (S.D.N.Y. January 5, 1993); *see Miller v. Surf Properties, Inc.*, 4 N.Y.2d 475, 480, 176 N.Y.S.2d 318, 321, 151 N.E.2d 874 (1958); *Savoleo v. Couples Hotel*, 136 A.D.2d 692, 692–93, 524 N.Y.S.2d 52, 52–53 (2nd Dep't 1988).

## B. *Section 302*

Section 302 of the CPLR, New York's long arm statute, sets forth acts that can form a basis to exercise jurisdiction over non-domiciliaries. That section provides that jurisdiction may be exercised over a foreign defendant that, personally, or through an agent, transacts business within the state. CPLR 302(a)(1). In such cases, however, personal jurisdiction may be exercised only as to causes of action that arise from the transaction of business relied upon. *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 153 (2d Cir.1999); *Agency Rent A Car System, Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 31 (2d Cir.1996); *Aerotel, Ltd. v. Sprint Corp.*, 100 F.Supp.2d 189, 192 (S.D.N.Y.2000). A cause of action will be said to arise from the transaction of business within the state only if there exists "a substantial nexus between the business transacted and the cause of action sued upon." *Agency Rent A Car*, 98 F.3d at 31; *Hoffritz*, 763 F.2d at 57; *Photoactive Prods., Inc. v. AL–OR Internat'l. Ltd.*, 99 F.Supp.2d 281, 289 (E.D.N.Y.2000).

## II. *Disposition of the Motion*

Application of the above-referenced principles, as well as a wealth of federal and state case law applying New York law under circumstances strikingly similar to those present here, makes it clear that jurisdiction lies neither under Section 301 nor Section 302 of the CPLR. *See e.g., Weinberg v. Club ABC Tours, Inc.*, 1997 WL 37041 *1 (E.D.N.Y. January 21, 1997); *Maresca v. Holiday Inns, Inc.*, 1993 WL 8166 *6 (S.D.N.Y. January 5, 1993); *Savoleo*, 136 A.D.2d at 693, 524 N.Y.S.2d at 52–53; *Kramer v. Hotel Los Monteros*, 57 A.D.2d 756, 756–57, 394 N.Y.S.2d 415, 416 (1st Dep't 1977).

### A. There is No Jurisdiction Under Section 301

As to "doing business" under Section 301, there can be no question that the activities alleged to have been engaged in by Defendant do not rise to the requisite level. At most, the Resort placed an advertisement in a publication likely to be disseminated in New York and allowed a

local travel agent to book rooms. The placement of the advertisement is nothing more than mere solicitation, which cannot be relied upon to form the basis of jurisdiction under Section 301. *See Kramer,* 57 A.D.2d at 756–57, 394 N.Y.S.2d at 415; *Rodriguez v. Circus Circus Casinos, Inc.,* 2001 WL 21244 *1 (S.D.N.Y. January 9, 2001).

The Defendants have no office in New York, no property or bank accounts in New York, or any employees in New York. Under these circumstances, the court cannot find corporate presence within the meaning of Section 301. *Accord Savoleo,* 136 A.D.2d at 693, 524 N.Y.S.2d at 52–53 (actions of independent travel agent cannot be relied upon to argue that out of state hotel is doing business within New York State); *Kramer,* 57 A.D.2d at 756, 394 N.Y.S.2d at 416 (hotel located in Spain held not doing business in New York where New York activities were limited to advertising in a trade publication circulated among New York travel agents); *see also Weinberg v. Club ABC Tours, Inc.,* 1997 WL 37041 *1 (E.D.N.Y. January 21, 1997); *Maresca v. Holiday Inns, Inc.,* 1993 WL 8166 *6 (S.D.N.Y. January 5, 1993).

### B. *There is No Jurisdiction Under Section 302*

■ Nor does section 302 provide a basis for the exercise of jurisdiction. As noted, jurisdiction under this section requires that the "action arise from any of the acts" of defendant within the state. Even if the court were to accept the notion that the placement of an advertisement in a New York publication is sufficient to constitute the transaction of business with-

in the meaning of Section 302, Plaintiff's argument would nonetheless fail. This is because he cannot show the requisite nexus between the transaction relied upon and his cause of action. Courts have consistently held that the in-state activity of booking a hotel room is too remote from negligence alleged to have taken place at a foreign hotel to satisfy Section 302. *See, e.g., Weinberg v. Club ABC Tours, Inc.,* 1997 WL 37041 *1 (E.D.N.Y. January 21, 1997) (sale of tickets in New York is too remotely related to negligence action to afford basis of jurisdiction under Section 302); *Maresca v. Holiday Inns, Inc.,* 1993 WL 8166 *6 (S.D.N.Y. January 5, 1993); *King v. Best Western Country Inn,* 138 F.R.D. 39, 42 (S.D.N.Y.1991).

Although not advanced as a theory by the plaintiff, the court is confident that jurisdiction also does not lie under Section 302(a)(3) of the CPLR. That section subjects foreign defendants to jurisdiction if they have committed a tortious act outside of the State of New York with consequences within the state. First, there is absolutely no legal basis to claim that the injury occurred in New York. This is true even if the damage first became clear and/or the injury worsened once the plaintiff returned to New York. New York law provides that an injury is considered to occur where the accident took place, not where the symptoms become manifest. *See Kramer,* 57 A.D.2d at 757, 394 N.Y.S.2d at 416 (CPLR 302(a)(3) "looks to the imparting of the original injury within the state of New York and not the resultant damage . . . ."); *Domond,* 116 F.Supp.2d at 373 (same).[2]

Finally, the court addresses and dismisses Plaintiff's argument that all cases from

---

**2.** Plaintiff's 302(a)(3) argument also fails because he cannot satisfy the requirement that defendant either: (1) regularly does or solicits business within the state and derives substantial revenue from services rendered in the state or (2) expects or should reasonably expect his act to have consequences within the state or (3) owns, uses or possesses real property within the state. *See* CPLR 302(a)(3).

1958 to 1990 are irrelevant in light of changing times. In the absence of a change in the law, the cases cited by the court remain the law to apply here. This is true even if changes in technology, such as the use of the internet instead of a telephone, have altered the way in which business is conducted. *See Rodriguez v. Circus Circus Casinos, Inc.*, 2001 WL 21244 *2–3 (S.D.N.Y. January 9, 2001) (fact that reservations are placed by use of the internet does not alter court's conclusion as to lack of personal jurisdiction over defendant that is neither doing nor transacting business in New York); *see also Cornell v. Assicurazioni Generali S.p.A., Consolidated,* 2000 WL 284222 *2 (S.D.N.Y. March 16, 2000) ("firm does not 'do business' in New York simply because citizens can contact the firm via the worldwide web").

## CONCLUSION

For the foregoing reasons, Defendant Outrigger's motion to dismiss is granted. The Clerk of the Court is directed to terminate the motion to close the file in this matter.

SO ORDERED