**Linda A. SMITH, Plaintiff,**

v.

**CIRCUS–CIRCUS CASINOS, INC. and Mandalay Resort Group, Defendants.**

No. 03–CV–6379L.

United States District Court, W.D. New York.

Dec. 11, 2003.

David D. Spoto, Gallo & Iacovangelo, LLP, Rochester, NY, for Plaintiff.

Sheryl M. Schwartz, Herold and Haines, P.A., Warren, NJ, for Defendants.

## DECISION *and* ORDER

LARIMER, District Judge.

### INTRODUCTION

On January 28, 2003, plaintiff Linda Smith, a New York State resident, was injured while a patron at the Circus–Circus Casino in Las Vegas, Nevada. Plaintiff claims that the employees of the casino negligently left a chair in a common pedestrian area causing her to fall and suffer personal injuries. As a result, plaintiff brought a negligence claim against the casino and its parent company in Monroe County Supreme Court, New York. Defendants removed the action to federal court.

In lieu of an answer, defendants now move to dismiss for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2). The motion to dismiss is granted and the Complaint is dismissed.

### DISCUSSION

Plaintiff is a resident of New York and defendants are Nevada corporations with their principal places of business in

Las Vegas, Nevada. In this diversity action, whether personal jurisdiction exists must be determined by New York law. *Jazini v. Nissan Motor Company Ltd. Ltd.*, 148 F.3d 181, 183–84 (2d Cir.1998). Plaintiff makes no claim that jurisdiction is proper under New York's long-arm statute, C.P.L.R. § 302, but relies on the general jurisdiction statute, C.P.L.R. § 301. Defendants contend that they are not subject to personal jurisdiction in New York.

■ Under C.P.L.R. § 301, a foreign corporation is subject to jurisdiction in New York if it engages in "systematic and continuous" business in New York. *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir.1983). Plaintiff contends that defendants' activities constitute such "systematic and continuous" business, but the evidence before the Court does not support that claim.

■ The casino where the incident occurred, which is also defendants' principal place of doing business, is in Las Vegas, Nevada. The evidence appears uncontradicted that the defendants have no offices, agents or employees in New York State. There are no New York telephone listings, licenses to do business, or bank accounts here. *See A.C.K. Sports, Inc. v. Doug Wilson Enterprises*, 661 F.Supp. 386, 389 (S.D.N.Y.1987).

■ Plaintiff contends that, in spite of those facts, personal jurisdiction still exists. Plaintiff claims that the casino has a website which can be accessed by potential customers in New York and throughout the world. Individuals apparently can obtain information and book reservations through that website.[1] Plaintiff contends that because defendants operate a website that can be accessed by New York residents, defendants are subject to jurisdiction in New York. That contention is without merit. Such an argument would subject those who maintain websites to personal jurisdiction anywhere in the world. "A firm does not 'do[ ] business' in New York simply because New York citizens can contact the firm via the worldwide web." *Cornell v. Assicurazioni Generali, S.p.A.*, No. 97 CV 2262, 2000 WL 284222, *2 (S.D.N.Y. Mar. 16, 2000). There are numerous cases that conclude that the mere operation of an internet website is not a sufficient basis to impose personal jurisdiction. *See Rodriguez v. Circus Circus Casinos, Inc.*, No. 00 CV 6559, 2001 WL 21244, *2 (S.D.N.Y. Jan. 8, 2001); *Stewart v. Vista Point Verlag*, No. 99 CV 4225, 2000 WL 1459839, *4 (S.D.N.Y. Sept. 29, 2000); *Hearst Corp. v. Goldberger*, No. 96 CV 3620, 1997 WL 97097, *21 (S.D.N.Y. Feb. 26, 1997). Plaintiff has cited no case to the contrary.

■ Plaintiff also suggests that the fact defendants pay commissions to independent travel agents in New York who book rooms or groups at the casino is sufficient to subject the defendants to personal jurisdiction. I disagree. Assuming plaintiff could establish this fact through discovery, the travel agents referenced would not be employees of defendants and would merely be one of thousands of independent travel agents throughout the world who could make arrangements for their customers to attend various facilities, including this casino. That activity simply would not constitute "systematic and continuous" business by defendants in New York State based on existing case law. *See Hinsch v. Outrigger Hotels Hawaii*, 153 F.Supp.2d 209, 213 (E.D.N.Y.2001) (that independent travel agents make reservations and accept pay-

---

1. There is no evidence that plaintiff ever utilized such a website. In fact, there is no evidence that plaintiff ever stayed at the casi-

no as a hotel guest, but appears simply to have been on the premises on the day of the accident.

ments on behalf of resort does not subject resort to jurisdiction in New York under § 301); *Savoleo v. Couples Hotel*, 136 A.D.2d 692, 693, 524 N.Y.S.2d 52 (2nd Dep't 1988) (same). Furthermore, plaintiff cites no applicable case law to support her argument.

Plaintiff's request for jurisdictional discovery is denied. Plaintiff has failed to establish a *prima facie* case for jurisdiction and this Court need not subject defendants to discovery for plaintiff to determine if there is some basis for jurisdiction. *See Jazini*, 148 F.3d at 186; *Cornell*, 2000 WL 284222, at *9.

### CONCLUSION

Defendants' motion to dismiss (Dkt. # 4) is granted for lack of personal jurisdiction and the complaint is dismissed.

IT IS SO ORDERED.