**Pompeyo Roa REALUYO,**
**Plaintiff–Appellant,**

v.

**Carlos Villa ABRILLE, Philippine Daily Inquirer, Inq 7 Interactive, Inc., and Belinda Olivares–Cunanan, Defendants–Appellees.**

No. 03–7808.

United States Court of Appeals,
Second Circuit.

March 29, 2004.

Kenneth F. McCallion, McCallion & Associates, LLP, New York, NY, for Appellant.

298

J. Christopher Jensen, Cowan, Liebowitz & Latman, P.C. (Meichelle R. MacGregor), New York, NY, for Defendants–Appellees Phillipine Daily Inquirer, INQ 7 Interactive, Inc., and Belinda Olivares–Cunanan, of counsel.

Present: SACK, SOTOMAYOR, and RAGGI, Circuit Judges.

## SUMMARY ORDER

The plaintiff-appellant Pompeyo Roa Realuyo appeals from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*) granting the defendants-appellees' motion to dismiss for lack of personal jurisdiction. *Realuyo v. Villa Abrille*, No. 01 Civ. 10158(JGK), 2003 WL 21537754, 2003 U.S. Dist. LEXIS 11529 (S.D.N.Y. July 8, 2003). The district court noted that it would alternatively grant the defendants' motion to dismiss on the ground of *forum non conveniens*.

Realuyo argues on appeal that the district court erred in not conducting jurisdictional discovery or holding an evidentiary hearing before ruling on the defendants' motion to dismiss for lack of personal jurisdiction. Realuyo continues that there is personal jurisdiction over the defendants under New York Civil Practice Law and Rules ("CPLR") § 301 for Carlos Villa Abrille, the Philippine Daily Inquirer, and INQ 7 Interactive, Inc., and under CPLR § 302(a)(1) for all of the defendants. Finally, Realuyo argues that the doctrine of *forum non conveniens* does not warrant dismissal.

█ Because the district court chose to "rely on pleadings and affidavits, [Realuyo]

need only make a *prima facie* showing of personal jurisdiction over [the defendants]." *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 364 (2d Cir.1986). The court must construe the pleadings and affidavits in Realuyo's favor. *See PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997). "[W]e review *de novo* the legal question of whether a *prima facie* case has been established." *CutCo Indus., Inc.*, 806 F.2d at 365.

█ Because this is a diversity action, we resolve the question of personal jurisdiction with reference to New York law, the forum in with the district court sits. *See id.* The New York law of general jurisdiction provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." C.P.L.R. § 301. The New York Court of Appeals has interpreted this provision to mean that "a foreign [defendant] is amenable to suit in [New York] if it is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." *Frummer v. Hilton Hotels Int'l, Inc.*, 19 N.Y.2d 533, 536, 227 N.E.2d 851, 281 N.Y.S.2d 41 (1967) (internal quotation marks omitted). The test for "doing business" is "a simple pragmatic one." *Bryant v. Finnish Nat'l Airline*, 15 N.Y.2d 426, 432, 208 N.E.2d 439, 260 N.Y.S.2d 625 (1965). This pragmatic test "focuse[s] upon factors including: the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir.1985) (citations omitted). The district court construed the allegations in Realuyo's favor and properly concluded, under this test, that none of the defendants have such

"continuous and systematic" contacts with New York to rise to the level of "doing business" there.[1]

■ The only arguably applicable provision of New York's long-arm statute is CPLR § 302(a)(1). Section 302(a)(1) provides that there is specific jurisdiction over a defendant who "transacts any business within the state or contracts anywhere to supply goods or services in the state." C.P.L.R. § 302(a)(1). As a specific jurisdiction statute, section 302(a)(1) "authorizes [New York] courts to exercise personal jurisdiction over a foreign [defendant only] if ... the cause of action asserted against it is one arising from the transaction of such business." *Frummer*, 19 N.Y.2d at 535, 281 N.Y.S.2d 41, 227 N.E.2d 851 (internal quotation marks omitted). The district court construed the allegations in favor of Realuyo and correctly held that the defendants' respective alleged contacts with New York do not have the requisite connection to the allegedly defamatory article and there is therefore no basis for personal jurisdiction over them under CPLR § 302(a)(1).

We thus conclude, for substantially the same reasons put forth by the district court, that Realuyo did not establish a *prima facie* case of personal jurisdiction over any of the defendants. For that reason, the district court did not abuse its discretion in denying Realuyo jurisdictional discovery or evidentiary hearings on the issue. *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir.1998).

In light of our conclusion that there is no personal jurisdiction over the defendants, we need not consider either the constitutional issues or the *forum non con-*

*veniens* issue addressed by the district court and do not intimate any views with respect thereto.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

---

1. Despite Realuyo's contention to the contrary, the district court correctly concluded that the Philippine Daily Inquirer's 10–percent ownership interest in INQ 7 does not make the latter a "mere department" of the former for jurisdictional purposes and thus properly analyzed each entity's New York contacts separately. *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184–85 (2d Cir.1998).