17-3470-cv
DeLorenzo v. Viceroy Hotel Group LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand eighteen.

PRESENT: DENNIS JACOBS,
ROSEMARY S. POOLER,
RICHARD C. WESLEY,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
ANNETTE AMINA DELORENZO,
Plaintiff-Appellant,

-v.-                                                    17-3470

VICEROY HOTEL GROUP, LLC, VICEROY ANGUILLA,
Defendants-Cross-Claimants-
Appellees,

1

**and**

**RICKETTS AND ASSOCIATES, LTD.,**
**ANACAONA BOUTIQUE HOTEL,**
          <u>**Defendants-Cross-Defendants-**</u>
          <u>**Appellees**</u>.

- - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                    Christopher P. Desmond, Ven R. Johnson,
                                  Johnson Law, PLC, Detroit, MI.

FOR APPELLEE:                     Nicholas Hurzeler, John Doody, Lewis
                                  Brisbois Bisgaard & Smith LLP, New York,
                                  NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Annette Amina DeLorenzo appeals from the judgment of the United States District Court for the Southern District of New York (Broderick, J.) dismissing her claims for lack of personal jurisdiction.   DeLorenzo brought a diversity action alleging that while she vacationed on the island of Anguilla at the Anacaona Boutique Hotel, Remy Minnette, an employee of the Viceroy Anguilla, sexually assaulted her in her hotel room.   The question on appeal is whether either the Viceroy Defendants (Viceroy Hotel Group LLC and Viceroy Anguilla) or the Ricketts Defendants (Ricketts & Associates, Ltd. and Anacaona Boutique Hotel) are subject to either general or specific personal jurisdiction in the Southern District of New York.   We assume the parties' familiarity with the underlying facts and procedural history.

We review de novo the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  SPV Osus Ltd. v. UBS AG, 882 F.3d 333, 342 (2d Cir. 2018).   To survive a Rule 12(b)(2) motion, a plaintiff must make a prima facie showing of jurisdiction that includes an averment of facts that, if credited by the trier of fact, would suffice to establish jurisdiction over the defendant.   See id. at 342-43.   "[C]onclusory non-fact-specific jurisdictional allegations" or "legal conclusion[s] couched as a factual allegation" will not establish a prima facie showing of jurisdiction.   Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 185 (2d Cir. 1998).

On a motion to dismiss for lack of personal jurisdiction, a district court must first "determine whether there is jurisdiction over the defendant under the relevant forum state's laws."   Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999).   "If the exercise of jurisdiction is appropriate under that statute, the court then must decide whether such exercise comports with the requisites of due process."   Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997).

Under New York law, DeLorenzo first had to demonstrate that the Viceroy Defendants or the Ricketts Defendants were either (1) "present" and "doing business" within the meaning of New York Civil Practice Law and Rules ("CPLR") § 301, or (2) that they committed acts within the scope of New York's long-arm statute, CPLR § 302.   DeLorenzo then needed to show that the Viceroy Defendants or the Ricketts Defendants had sufficient "minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."   Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

**1.** Beginning with general personal jurisdiction, a corporation is subject to personal jurisdiction under CPLR § 301 with respect to any cause of action, arising or not arising out of contacts with New York, if a company "has engaged in such a continuous and systematic course of 'doing business' [in New York] that a finding of its 'presence' [in New York] is warranted."   Sonera Holding B.V. v. Cukurova Holding A.S., 750 F.3d 221, 224 (2d Cir. 2014) (alterations in original) (quoting Landoil Res. Corp v. Alexander & Alexander Servs., 565 N.E.2d 488, 490 (N.Y. 1990)).

3

Due process further requires that a foreign corporation be subject to general jurisdiction only if its contacts are so "continuous and systematic," judged against the corporation's national and global activities, that it is "essentially at home" in that state. Daimler AG v. Bauman, 571 U.S. 117, 138-39 (2014). Aside from "an exceptional case," a corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business. Id. at 139 & n. 19.

The District Court ruled that none of the defendants are at home in New York. We agree.

Ricketts & Associates is located, incorporated, licensed, registered, and has its principal place of business in Anguilla. App'x 1-2, 86. The Anacaona is similarly located in Anguilla. Id. at 2. DeLorenzo failed to show that the Rickets Defendants have any office, employees, or bank accounts in New York.

DeLorenzo contends that the Ricketts Defendants have a significant and systematic presence in New York because (1) 13 percent of the Anacaona's business comes from New York, (2) the Ricketts Defendants employ a PR firm in New York, (3) the Ricketts Defendants' alleged former director of sales and marketing, Frank Pierce, is purportedly a New York resident who worked from a home office or otherwise made trips to New York to promote the Anacaona, (4) the Anacaona was featured in New York-based publications, and (5) she booked her stay while in New York through the Anacaona's highly interactive website.

These allegations, accepted as true, would not establish that the principal place of business or place of incorporation for the Ricketts Defendants is anywhere but Anguilla. Website accessibility does not establish a corporation's "home." See In re Ski Train Fire in Kaprun, Austria on Nov 11, 2000, 230 F. Supp. 2d 376, 383 (S.D.N.Y. 2002) (noting that an interactive website that allows users to interact with a foreign corporation does not itself subject a defendant to general jurisdiction in New York absent proof that the website is purposefully directed toward New York). DeLorenzo's use of the Anacaona's website, accessible from any state, to book her room does not show that the Ricketts Defendants directed their business or advertising toward New York.

4

DeLorenzo's argument for personal jurisdiction over the Viceroy Defendants similarly rests on their use of a New York-based company to create and maintain publicly accessible websites and online booking programs.   But the Viceroy Anguilla is a private business principally located in Anguilla with an office in Connecticut.   The corporate owner of the Viceroy Anguilla, incorporated in Delaware, is registered to do business in Florida.   Supp. App'x 33, 47, 81.   The Viceroy Hotel Group has its principal place of business in California.   Id.   The accessibility of the Viceroy website from New York does not, without more, establish continuous solicitation sufficient to confer general jurisdiction.

DeLorenzo complains further discovery would unearth the Viceroy Defendants' additional connections to New York; but DeLorenzo registered no discovery complaint with the district court.   DeLorenzo v. Ricketts & Assocs., Ltd., 2017 WL 4277177, at *7 n.12 (S.D.N.Y. Sept. 25, 2017).   The district court acted well within its discretion in declining to permit additional discovery. See Best Van Lines, Inc. v. Walker, 490 F.3d 239, 255 (2d Cir. 2007) (declining jurisdictional discovery where the plaintiff failed to demonstrate a prima facie case supporting jurisdiction).

**2.**   Under CPLR § 302(a)(1), a court may exercise personal jurisdiction over a defendant if (1) the defendant "transacts any business" in New York and (2) the plaintiff's cause of action arises from such a transaction.   See Best Van Lines, 490 F.3d at 246.   A defendant must purposefully avail itself of the privilege of conducting activities within New York, and there must be "some articulable nexus between the business transacted [in New York] and the cause of action sued upon."   Id. at 249.   A "merely coincidental" connection is insufficient to support jurisdiction.   Johnson v. Ward, 829 N.E.2d 1201, 1203 (N.Y. 2005).

As to both the Ricketts Defendants and the Viceroy Defendants, DeLorenzo argues that her cause of action arises from the booking of her trip in New York through the Anacaona website.   But DeLorenzo's claims arise not out of her hotel contract with the Ricketts Defendants but rather out of an alleged sexual assault in Anguilla.   And "[c]ourts have consistently held that the in-state activity of booking a hotel room is too remote from negligence alleged to have taken place at a foreign hotel to satisfy [New York's long arm statute]."   Hinsch

5

v. Outrigger Hotels Hawaii, 153 F. Supp. 2d 209, 213 (E.D.N.Y. 2001); see Cummings v. Jai Ambe, Inc., 2013 WL 620186, at *3 (S.D.N.Y. Feb. 13, 2013). DeLorenzo offers no more than this tangential connection between the alleged assault and New York.

Moreover, DeLorenzo engaged in no transaction with the Viceroy Defendants. She was not a guest at the Viceroy Anguilla nor did she travel to Anguilla based on a Viceroy marketing campaign. Neither the Ricketts Defendants nor the Viceroy Defendants are subject to personal jurisdiction in the Southern District of New York.

Because the Ricketts Defendants and the Viceroy Defendants are not subject to general or specific personal jurisdiction in New York, the district court did not err in granting their respective motions to dismiss under Rule 12(b)(2).

We have considered DeLorenzo's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK